### UNITED STATES of America, Appellant,

### v.

### Cristobal Gonzales CASTRO, Appellee.

### No. 210, Docket 33235.

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1969.

Decided Nov. 14, 1969.

Laura Banfield, New York City (Haliburton Fales, 2d, New York, New York, on the brief), for appellant.

Maurice M. McDermott, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Leonard M. Marks, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of conviction entered against appellant in the United States District Court for the Southern District of New York, based upon a jury verdict finding him guilty of dealing in narcotics in violation of 21 U.S.C. §§ 173 and 174. We affirm the conviction.

Appellant was arrested by narcotics agents armed with a search warrant who entered an apartment in which he was found. As the narcotics agents came into the apartment, Castro approached them with his hands in the air saying "I've got it. I will give it to you." He then removed a bundle of glassine envelopes from his trousers and threw it on the floor. One of the agents, picking up the bundle that appellant had discarded, observed that the envelopes contained a white powder. At the same

spot on the floor the agent found a tinfoil package also containing a white powder. Appellant was thereupon arrested.

While the agents were still in the apartment where appellant was arrested they tested the tinfoil package. The test showed that the white powder contained heroin. A later test of the contents of one of the glassine envelopes also revealed the presence of heroin.

After these "field-tests" were completed the contents of the tinfoil package and the glassine envelopes were transferred to a common container. A test by a government chemist of the contents of the container showed that heroin was present.

A later test by the government chemist of traces of powder scraped from the sides of the glassine envelopes also showed that the powder contained heroin.

At the trial the court ruled that the tinfoil package was inadmissible because the evidence did not sufficiently show appellant's possession of the package. However, the common container and the results of the test on its contents were introduced over appellant's objection and appellant now assigns this as error. Appellant's contention is that admission of the evidence was prejudicial since the test of the contents of the container could establish only that either the tinfoil package or the glassine envelopes contained heroin, but could not prove that the heroin came from the envelopes rather than from the tinfoil package.

Assuming that the trial court's ruling as to the admissibility of the tinfoil package was correct, the evidence of the contents of the container would not establish the necessary basis for a finding of appellant's guilt. However, the field test and the chemical test of the traces of powder in the glassine envelopes provided ample evidence to sustain appellant's conviction, and we do not consider the admission of the evidence of the test of the contents of the container to be sufficiently prejudicial to require reversal. See United States v. Wanton, 380 F.2d 792 (2d Cir. 1967).

Appellant also assigns as error the charge of the trial judge that "every witness is presumed to speak the truth." In United States v. Bilotti, 380 F.2d 649, 656 (2d Cir.), cert. denied, 389 U.S. 944, 88 S.Ct. 308, 19 L.Ed.2d 300 (1967), this court said of such a charge that it "serves no useful purpose," and that "it may in some cases be very misleading and the trial courts would best refrain from using it."

In the present case after hearing objection to the charge the court withdrew it and instructed the jury to disregard it. We believe that by this action the possible bad effects of the charge were neutralized.

Affirmed.