UNITED STATES of America, Appellee,

v.

Bruce R. NELSON, Appellant.

No. 74–1186.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1974.

Decided July 11, 1974.

---

**966**

John P. Clifford, Robins, Meshbesher, Singer & Spence, Minneapolis, Minn., for appellant.

Daniel Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, BRIGHT, and WEBSTER, Circuit Judges.

PER CURIAM.

Bruce R. Nelson appeals his conviction of possession of heroin, a misdemeanor under 21 U.S.C. § 844(a).[1] He contends that the conviction cannot stand since the Government failed to prove the presence of a sufficient quantity of heroin to produce a narcotic effect. The trial court rejected this contention and instructed the jury that any measurable amount of heroin would sustain the conviction. We affirm.

Nelson possessed two plastic packets each containing brown powder. Chemi-

cal analysis established these packets qualitatively contained heroin laced with procaine and lactose, the latter two being cutting powders. This analysis, however, did not establish the quantity of the heroin taken from Nelson or whether that heroin would produce a narcotic effect.

Under federal law a conviction will be upheld where any measurable amount of a prohibited narcotic drug is found. *See, e. g.,* United States v. Sudduth, 458 F.2d 1222 (10th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L. Ed.2d 122 (1972); United States v. Curbelo, 423 F.2d 1204 (5th Cir. 1970); United States v. Castro, 418 F.2d 230 (2d Cir. 1969), cert. denied, 397 U.S. 1052, 90 S.Ct. 1391, 25 L.Ed.2d 667 (1970); Jordan v. United States, 416 F.2d 338 (9th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101 (1970). Though these cases arose under earlier versions of narcotics laws, nonetheless we can read no quantitative requirement into the plain words of § 844(a) which forbids "any person [to] knowingly or intentionally * * * possess a controlled substance * * *."

Additionally, the term "controlled substance" as used in § 844(a), is defined in 21 U.S.C. § 802(6), to mean "a drug or other substance, or immediate precursor, included in schedule I * * *." Heroin is found in Schedule I(b)(10) as set out in 21 U.S.C. § 812, and is there listed as an opium derivative. Heroin falls into the definitional category of a "narcotic drug" which is defined in 21 U.S.C. § 802(16) as, *inter alia,* an opium derivative, without the use of any language specifying that the drug possesses a narcotic effect.

1. Subsection (a) of 21 U.S.C. § 844 provides:
   (a) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. Any person who violates this subsection shall be sentenced to a term of imprisonment of not more than one year, a fine of not more than $5,000, or both, except that if he commits such offense after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than 2 years, a fine of not more than $10,000, or both.

Thus, we are of the view that there was sufficient evidence to support Nelson's conviction under § 844(a) upon a showing of a qualitative analysis identifying the presence of heroin in his possession at the time of his arrest.

Accordingly, we affirm.