590 F.2d 196
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1975 MERCEDES 280S, VEHICLE IDENTIFICATION NO.
110922-12-017823, 1975 MICHIGAN LICENSE # VFF-254,
Defendant-Appellant.
 No. 77-1078.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 5, 1978.
Decided Dec. 19, 1978.
 
 Raymond L. Miller, Detroit, Mich., for defendant-appellant.
 James K. Robinson, U. S. Atty., L. Michael Wicks, Detroit, Mich., for plaintiff-appellee.
 Before CELEBREZZE and ENGEL, Circuit Judges, and LAWRENCE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Edna Salas appeals from a summary judgment of the district court forfeiting to the United States all monies resulting from the sale of a 1975 Mercedes 280S automobile, of which Mrs. Salas claims to be the registered owner. The Mercedes was seized in the course of a raid, with search warrant, upon the residence of Mrs. Salas and her husband in Romulus, Michigan. As a result of the raid and the execution of the search warrant, appellant's husband was arrested and charged with the possession of heroin.
 
 
 2
 According to the affidavit of Special Agent Arthur J. Goldenbaum of the Drug Enforcement Administration, he searched the Mercedes when it was parked in the garage of the premises at Romulus, Michigan, in the course of his execution of the federal warrant for the search of the house. His affidavit in support of the motion for summary judgment alleged in part:
 
 
 3
 I personally searched said vehicle at said location on said date and in the ashtray, located in the area of a vehicle commonly referred to as the "dashboard", I found the partial remains of four (4) cigarette butts, which appeared, in my experience, to be Marihuana. I have been a Special Agent for the Drug Enforcement Administration for approximately eight (8) years (including its predecessor agencies) and I have spent one (1) year as a Criminal Investigator for the United States Bureau of Customs prior to that. I have seen and smelled Marihuana on hundreds of occasions and I am very familiar with its appearance and aroma.
 
 
 4
 The government's motion, with Agent Goldenbaum's affidavit attached, was brought on for hearing before the district court. No counter-affidavit was filed and no appearance was made on behalf of Mrs. Salas or any other claimant to the automobile. No claim is urged that Mrs. Salas or her attorney did not receive notice of the hearing or have an opportunity either to appear or to file counter-affidavits if desired. The sole issue upon appeal, therefore, is whether the special agent's brief but unopposed affidavit was sufficient to justify the grant of a summary judgment of forfeiture.
 
 
 5
 Under the admittedly harsh but nonetheless valid forfeiture laws of the United States applicable to this case, we conclude that summary judgment was warranted and accordingly affirm.
 
 
 6
 The instant action was brought under 49 U.S.C. § 782, which authorizes the forfeiture of vehicles used in violation of 49 U.S.C. § 781. The latter statute provides in part as follows:
 
 
 7
 (a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
 
 
 8
 (b) As used in this section, the term "contraband article" means
 
 
 9
 (1) Any narcotic drug which has been or is possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith; or which has been acquired or is possessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith . . . .
 
 
 10
 While appellant urges that the presence in her automobile of four cigarette butts containing marihuana does not come within Section 781, case law construing that section does not support such a claim. Clearly it was not incumbent upon the government to show that the marihuana was both transported and concealed or possessed, the terms being in the disjunctive. Likewise, it was not necessary for the government to have shown that the narcotic was possessed with an intent to sell or offer it for sale in violation of the laws. It is sufficient if marihuana was found in measurable quantity and was possessed in the vehicle in violation of the laws of the United States. A "narcotic drug" for purposes of 49 U.S.C. § 781(b)(1) is defined to include marihuana. 49 U.S.C. § 787(d); 21 U.S.C. § 802(15).[1]
 
 
 11
 Although the law in this respect appears harsh, it is well settled that it is immaterial whether the amount of marihuana contained in the car is relatively small. Thus, in Associates Investment Co. v. United States, 220 F.2d 885 (5th Cir. 1955), a judgment of forfeiture was sustained based upon one partially burned and one intact marihuana cigarette. See also United States v. One 1957 Oldsmobile Automobile, 256 F.2d 931 (5th Cir. 1958), a forfeiture involving thirteen grains of marihuana, and United States v. Nelson, 499 F.2d 965 (8th Cir. 1974), holding that a conviction for violation of the drug laws will be upheld "where any measurable amount of a prohibited narcotic drug is found." Id. at 966 and cases cited therein. If, therefore, the possession of any measurable amount by a given person will support a conviction of a criminal violation, surely it will be sufficient here to support a civil forfeiture under the less onerous burden of proof.
 
 
 12
 Mrs. Salas' denial of any intent to distribute the marihuana and, in fact, her claim that she was not shown to have been possessed of any knowledge of its presence in the car are irrelevant, and the forfeiture under such circumstances is not an unconstitutional taking under the Fifth Amendment. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680-90, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); United States v. One 1961 Cadillac,337 F.2d 730 (6th Cir. 1964).
 
 
 13
 Likewise, Mrs. Salas' argument that the affidavit was insufficient to support a grant of summary judgment must likewise fail. Summary judgment procedures under Rule 56, Fed.R.Civ.P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. Those procedures themselves are quite summary, especially when compared to normal civil actions. 49 U.S.C. § 784 provides in part:
 
 
 14
 All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for violation of the customs laws . . . shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof . . . .
 
 
 15
 The provisions relating to forfeitures for violation of the customs laws are set forth in 19 U.S.C. § 1615, which provides in part:
 
 
 16
 In all suits or actions brought for the forfeiture of any . . . vehicle, . . . where the property is claimed by any person, the burden of proof shall lie upon such claimant; and in all suits or actions brought for the recovery of the value of any . . . vehicle . . . the burden of proof shall be upon the defendant: Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court . . . .
 
 
 17
 The plain meaning of the two forfeiture statutes, construed together according to the express provisions of 49 U.S.C. § 784, is well defined in United States v. One Twin Engine Beech Airplane, 533 F.2d 1106, 1107 (9th Cir. 1976):
 
 
 18
 Unlike most civil and criminal proceedings, the burden of proof is on the "accused" owner or possessor, provided that the government first make a preliminary showing of probable cause to believe that the vehicle was used in the smuggling operation.
 
 
 19
 Further, it is apparent that "probable cause" in a forfeiture proceeding is not a special term of art, but is the same standard employed to test searches and seizures generally. Id. at 1108-09.
 
 
 20
 We must not forget that the government must show only probable cause, not a Prima facie case. Ted's Motors v. United States, 217 F.2d 777 (8th Cir. 1954). The burden of proof is on the party claiming the property.
 
 
 21
 United States v. One Twin Engine Beech Airplane, supra, 533 F.2d at 1110. Accord, United States v. One 1949 Pontiac Sedan, 194 F.2d 756, 758-59 (7th Cir.), Cert. denied, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363 (1952); United States v. Davidson, 50 F.2d 517, 520-21 (1st Cir.), Cert. denied, 284 U.S. 660, 52 S.Ct. 36, 76 L.Ed. 559 (1931).
 
 
 22
 While we cannot agree with the government's insistance that probable cause is all that is needed by way of proof to justify a forfeiture even in the face of overwhelming proof that the cause, though probable, was not ultimately sustained, it is apparent to us that a showing of probable cause is sufficient to warrant a forfeiture and that summary judgment was properly entered in the absence of any exercise by the claimant of her right to come forward and show that the facts constituting probable cause did not actually exist. United States v. One 1975 Ford F100 Pickup Truck, 558 F.2d 755, 756-57 (5th Cir. 1977).
 
 
 23
 Mrs. Salas did nothing here to controvert the facts which constituted probable cause. Accordingly, her default brought into operation that provision of Rule 56(e) that "(w)hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 
 
 24
 While the facts set forth in the affidavit of Agent Goldenbaum are admittedly abbreviated, we conclude that they were sufficient to support a finding of probable cause to believe that marihuana was possessed in the automobile at the time of its seizure. To avoid forfeiture, the claimant was obligated to do something more than merely file a notice of appeal and seek to present to this court the factual arguments which she claims would rebut the affidavit.
 
 
 25
 Affirmed.
 
 
 
 *
 Hon. Alexander A. Lawrence, Senior Judge, United States District Court for the Southern District of Georgia, sitting by designation
 
 
 [1]
 Marihuana is also listed as a controlled substance under 21 U.S.C., § 812 (Schedule I); See also 21 C.F.R. § 1308.11(d)(13)