UNITED STATES of America, Appellee,

v.

Marcus Jonathon BIONDICH, Appellant.

No. 80–2140.

United States Court of Appeals,
Eighth Circuit.

Submitted May 22, 1981.

Decided June 30, 1981.

Rehearing Denied Sept. 1, 1981.

Phillip S. Resnick (argued), Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty., Dist. of Minnesota (argued), Minneapolis, Minn., Ellen W. McVeigh, Legal Intern, for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HARRIS,* Senior District Judge.

HEANEY, Circuit Judge.

On July 26 and August 2 of 1979, police officers in Robbinsdale, Minnesota, met with an employee of a private trash hauling company and examined garbage collected from the home of the appellant Marcus Biondich. The inspections revealed a plastic baggie containing a small amount of marijuana, a piece of folded paper containing traces of opiate powder and papers with notations of $57,100, $45,000, $5,000, $1,500 and $400. In addition, the trash included cancelled checks payable to the wife of a man who had pled guilty to a charge of possession of approximately 250 pounds of marijuana and who had been observed at a residence where evidence of large narcotics transactions had been obtained. This information, together with details of Biondich's two prior convictions for drug violations, was submitted in an affidavit to the United States Magistrate on August 2, 1979. The magistrate issued a search warrant for the Biondich home. A search conducted later that day yielded .26 grams of powder containing forty percent cocaine, fifteen barbiturate capsules, pills which Biondich told police were "phony Quaaludes," a small amount of marijuana, a scale with gram weights, a magazine article on how to cut cocaine, several substances frequently used to cut cocaine, and various other items commonly used to consume, cut, package or store cocaine.

On July 11, 1980, the grand jury returned an indictment charging Biondich with one count of possession of cocaine and barbiturates with intent to distribute in violation of 21 U.S.C. § 841(a)(1). A superceding indictment was returned on August 7, 1980, charging Biondich with one count of possession of cocaine with intent to distribute and one count of possession of barbiturates with intent to distribute. Biondich was tried before a jury. At the conclusion of all the evidence, the district court granted the defendant's motion for judgment of acquittal on both counts as to intent to distribute and the case was submitted to the jury on two counts of simple possession. The jury returned a guilty verdict on both counts and Biondich was sentenced to a term of two years imprisonment on each, the sentences to be served consecutively.

On appeal, Biondich asserts that (1) the warrantless search of his trash was unreasonable and in violation of the Fourth Amendment; (2) the search warrant for his home was invalid because it was based on the illegal search of his garbage and because the supporting affidavit contained material misrepresentations and did not establish probable cause; (3) the government was improperly allowed to introduce and argue evidence of other crimes committed by the defendant; and (4) the evidence was insufficient to support the guilty verdict.

1. *Search of the Garbage.* The two inspections of Biondich's garbage occurred in the same manner: A police officer from the Minneapolis police department approached an employee of the private garbage-hauling service that regularly collected trash from Biondich's house and made arrangements to meet the collector in a parking lot about one block from Biondich's residence. On the regular collection day, the collector picked up the trash from the cans near the

---

* OREN HARRIS, U. S. Senior District Judge, United States District Court for the Eastern and Western Districts of Arkansas, sitting by designation.

alley at Biondich's house in the usual manner, except that he dumped the cans to one side of the collection bin to keep it separate from the garbage from other houses. He did not compact the trash into the truck and he proceeded to the meeting place where the officer looked through the bin and collected the items in question.

The United States Magistrate who held hearings on Biondich's suppression motion concluded that the inspection of Biondich's garbage did not violate his Fourth Amendment rights because he had abandoned his trash at the time it was removed from his premises and thus had no standing to raise the Fourth Amendment claim. Alternatively, the magistrate held that Biondich's Fourth Amendment rights were not violated because he had no reasonable expectation of privacy in the items turned over to the trash collector for disposal.

In our view, it makes no difference whether we view this case in terms of standing or substantive Fourth Amendment protections. The Supreme Court had suggested, however, that "the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing." *Rakas v. Illinois*, 439 U.S. 128, 139, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978). Accordingly, we set aside any question about Biondich's standing to raise the Fourth Amendment issue, and turn directly to the merits of that claim.

The Supreme Court has stated that the essential inquiry in judging a Fourth Amendment claim is "whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Id.* at 143, 99 S.Ct. at 430 (citing *Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576 (1967)). The government takes the position that Biondich lost any legitimate expectation of privacy he may have had in his garbage at the time he placed it in the trash can for collection. *See United States v. Vahalik*, 606 F.2d 99, 101 (5th Cir. 1979), *cert. denied*, 444 U.S. 1081, 100 S.Ct.

1034, 62 L.Ed.2d 765 (1980); *United States v. Crowell*, 586 F.2d 1020, 1025 (4th Cir. 1978), *cert. denied*, 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979); *United States v. Shelby*, 573 F.2d 971, 973 (7th Cir.), *cert. denied*, 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 139 (1978). Biondich argues, by contrast, that he retained a legitimate expectation of privacy in his refuse until such time as it was compacted in the garbage truck and hauled away for disposal.

We need accept neither position to decide this case. A person ordinarily retains some expectation of privacy in items that remain on his or her property, regardless of whether they are placed in an automobile, a home, or a garbage can. When a person makes arrangements with a sanitation service to have the items picked up, however, and when the items are placed in the designated place for collection and the regular collector makes the pickup in the usual manner on the scheduled collection day, the person loses his or her legitimate expectation of privacy in the items at the time they are taken off his or her premises.

It is apparent that all of these circumstances were present in this case. Biondich had made no special arrangements with the garbage collector to keep his trash from public view, no one other than those authorized by Biondich entered his property and no unusual procedures were followed other than to keep Biondich's garbage separate and available for inspection. Under these conditions, we are persuaded that Biondich retained no legitimate expectation of privacy in his garbage once it left the curtilage of his residence.

2. *Validity of the Warrant.* Biondich's primary objection to the warrant issued for the search of his home is that it was based on the evidence obtained from his garbage. Since we have concluded that the inspection of his garbage was lawful, the magistrate properly considered the items found in the trash when he made his determination that probable cause existed to justify the warrant. Moreover, our review of the affidavit satisfies us that it states sufficient facts to support the magis-

trate's finding that there was probable cause to believe that illegal drugs were present in Biondich's residence at the time the warrant was issued.[1]

3. *Evidence of Other Crimes.* Biondich contends that the trial court erred in admitting into evidence his five-year-old prior conviction for conspiracy to distribute amphetamines. The government's theory for admitting the evidence was that the prior conviction was relevant to prove circumstantially that Biondich had possessed a larger amount of cocaine with intent to distribute just prior to the search. Biondich argues that such use was improper because, as the district court found at the conclusion of the trial, the evidence was insufficient to prove intent to distribute.

■ We agree with Biondich that the only possible relevance of his prior conviction is to show intent to distribute. We do not agree, however, that the evidence was improperly admitted at trial merely because the trial judge later found the evidence insufficient to prove intent to distribute. At the time the evidence was introduced, the charge pending against Biondich was possession with intent to distribute. We will not disturb the district court's determination that, at that time, its probative value outweighed its prejudicial effect. Moreover, when the case was submitted to the jury, the district court specifically instructed that Biondich's prior conviction was not to be considered because it had no relevance to the charge of simple possession.

■ Biondich also contends that the district court erred in permitting the prosecutor to mention drug dealing in her closing argument, after the intent to distribute charge had been reduced to simple possession by the judge. This contention is without merit. Although the prosecutor did refer to the possibility that Biondich was a drug dealer on two occasions, counsel for the defendant failed to object on the ground that the argument was misleading or prejudicial. Furthermore, the prosecutor made it very clear in her argument, as did the judge in his instructions, that Biondich was only being tried for simple possession, not for possession with intent to distribute. Consequently, we find no reversible error arising from the prosecutor's statements.

■ 4. *Sufficiency of the Evidence.* Biondich's final argument for reversal is that the evidence was insufficient to sustain the guilty verdict for possession of cocaine. He asserts that since the amount of cocaine was so small, the evidence does not support a finding that he was in knowing possession of it. We cannot agree. Possession of any measurable amount of a prohibited narcotic will support a verdict of guilty for knowing possession. *See United States v. Nelson,* 499 F.2d 965, 966 (8th Cir. 1974). This is particularly true when, as in this case, there is circumstantial evidence indicating the defendant's guilty knowledge.

Affirmed.

---

1. Biondich also asserts that the affidavit contained material misrepresentations as to the source of the garbage. He argues that the testimony of the garbage collector introduced at the suppression hearing does not prove that the incriminating items used to support the warrant were actually taken from his garbage cans. We have reviewed the transcripts of the hearings and are satisfied that the affiant was justified in stating that the items came from the trash cans at Biondich's residence.