769 F.2d 479
 UNITED STATES of America, Plaintiff-Appellee,
v.
TWENTY THOUSAND SEVEN HUNDRED FIFTY-SEVEN DOLLARS AND
EIGHTY-THREE CENTS ($20,757.83) CANADIAN CURRENCY and Three
Thousand One Hundred Sixty-Six Dollars ($3,166) United
States Currency, Defendant-Appellant.
 No. 84-2489.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1985.
Decided July 30, 1985.
 
 Richard Ohlsen, Grand Forks, N.D., for defendant-appellant.
 Dennis Fisher, Asst. U.S. Atty., Fargo, N.D., for plaintiff-appellee.
 Before LAY, Chief Judge, PHILLIPS,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 PHILLIPS, Senior Circuit Judge.
 
 
 1
 This appeal involves the forfeiture of $20,757.83 in Canadian currency and $3,166.00 in United States currency to the United States Government for failure to make the required disclosures to United States Customs Officials. The district court granted the Government's motion for summary judgment and ordered forfeiture. We affirm.
 
 
 2
 * On January 10, 1983, John and Ilone Sogi, husband and wife, entered the United States from Canada at Pembina, North Dakota. Both filed declarations on customs forms that they were not carrying more than $5,000 in monetary instruments. A search of their persons and automobile revealed that Mr. Sogi had $166.00 in United States currency and $757.83 in Canadian currency on his person. Mrs. Sogi had $3,000 in United States currency that was wrapped in plastic and pinned to the bottom of her purse. Another $20,000 in Canadian currency was hidden in their car. The money hidden in Mrs. Sogi's purse allegedly was placed there by her husband. Mrs. Sogi admits that she knew about the money in her purse but denies knowing how much money her husband had brought into the country.
 
 
 3
 Both were indicted for violating 31 U.S.C. Sec. 5316(a)(1)(B). At the time of the charges, this section provided:
 
 
 4
 (a) Except as provided in subsection (c) of this section [exempting common carriers], a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent or bailee knowingly--
 
 
 5
 (1) transports or has transported monetary instruments of more than $5,000 at one time--
 
 
 6
 * * *
 
 
 7
 (B) to a place in the United States from or through a place outside the United States.
 
 
 8
 The Act since has been amended to require disclosure of amounts over $10,000. Penalty provisions for violations of section 5316 are set forth at 31 U.S.C. Sec. 5322.
 
 
 9
 On April 21, 1983, John Sogi pleaded guilty to knowingly and willfully transporting the entire amount of money discovered--$20,757.83 in Canadian currency and $3,166 in United States currency--in violation of section 5316. He also pleaded guilty to making material false statements on his customs baggage declaration in violation of 18 U.S.C. Sec. 1001. The charges against Ilone Sogi were dismissed by the Government.
 
 
 10
 The Sogis filed an administrative petition for return of the money. See 31 C.F.R. Sec. 103.48. The District Director of Customs denied the petition and referred the matter to the United States Attorney for forfeiture proceedings. On June 6, 1983, the Government filed a complaint seeking forfeiture of all the money pursuant to 31 U.S.C. Sec. 5317(b). This section, at the time of the complaint, provided in pertinent part:
 
 
 11
 A monetary instrument being transported may be seized and forfeited to the United States Government when a report on the instrument under section 5316 of this title has not been filed or contains a material omission or misstatement.
 
 
 12
 This provision presently is codified as 31 U.S.C. Sec. 5317(c).
 
 
 13
 The Government moved for summary judgment based on John Sogi's guilty plea to transporting the entire amount in violation of section 5316. Ilone Sogi, the claimant, asserted that she had a valid separate interest in the $3,000 in her purse and half of the $20,000 in Canadian currency located in their car. She argued that there were issues of material fact concerning the limited extent of her knowledge of the crime involved.
 
 
 14
 The district court granted the Government's motion for summary judgment. The court held:
 
 
 15
 John Sogi's guilty plea constitutes an admission of all the elements of the crime charged which covered all of the funds now claimed in this proceeding and establishes probable cause for the forfeiture of all the currency that was in his car. Ilone Sogi's claim that she was an innocent possessor of portions of the money subject to forfeiture does not of itself protect her from forfeiture.
 
 II
 
 16
 The procedures for forfeitures under provisions of the Currency and Foreign Transactions Reporting Act such as section 5317 are governed by the regulations of the customs service. See Ivers v. United States, 581 F.2d 1362, 1368-69 (9th Cir.1978). The district court and the parties here have relied upon the burden of proof provisions set out in 19 U.S.C. Sec. 1615 for analysis of the customs forfeiture. This statute provides, in pertinent part:
 
 
 17
 In all suits or actions ... brought for the forfeiture of any ... merchandise or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon the claimant; and in all suits or actions brought for the recovery of the value of any ... merchandise, or baggage, because of violation of any such law, the burden of proof shall be on the defendant: Provided, That probable cause shall be first shown for the institution of such suit or action ...
 
 
 18
 We adopt this framework for application to the seizure in this case. The Ninth Circuit in Ivers applied other provisions of Title 19 to a forfeiture under 31 U.S.C. Sec. 1102, the predecessor of 31 U.S.C. Sec. 5317. The same framework has been applied to forfeitures of vehicles for violations of the Controlled Substances Act, 21 U.S.C. Sec. 881. E.g., United States v. One 1975 Mercedes 280S VIN 110922-12-017823, 590 F.2d 196, 199 (6th Cir.1978) (per curiam); United States v. One 1972 Toyota Mark II VIN RT63016188, 505 F.2d 1162, 1164 (8th Cir.1974). This framework applies in this case. The claimant therefore has the burden of proof, once the Government establishes probable cause to believe the money was used in a violation of section 5316, to establish that the currency was not the subject of a violation of the customs laws.
 
 
 19
 Clearly the Government has established probable cause. The burden to show probable cause is not as heavy as the burden to establish a prima facie case. Ted's Motors v. United States, 217 F.2d 777, 780 (8th Cir.1954). Claimant therefore was required to prove the currency was not subject to forfeiture.
 
 
 20
 Proof of the violation in this case is established by John Sogi's guilty plea. In Ivers v. United States, 581 F.2d 1362 (9th Cir.1978), a forfeiture case almost directly in point, the appellant failed to disclose his possession of currency over $5,000 upon entry into the United States. After customs agents found almost $40,000 hidden in his money belt, the appellant was arrested for violating the reporting requirement now codified at 31 U.S.C. Sec. 5316(a). He pleaded guilty to a violation of the statute but later challenged the forfeiture asserting that he was unaware of his obligation to report the currency. The court held that the appellant's claim was obviated by his guilty plea. Id. at 1366. The court noted that there was a factual basis for his guilty plea and that he was aware of the willfulness requirement of section 5316(a). Id. at 1366-67. The guilty plea operated as an admission to every element of the offense. The court held further that all funds were subject to forfeiture including the amount voluntarily disclosed. Id. at 1373-74.
 
 
 21
 John Sogi pleaded guilty to the offense of knowingly transporting monetary instruments of more than $5,000 without filing the required customs report and after signing a form swearing that he was not carrying over $5,000. His guilty plea encompassed all the money he and the claimant were carrying. Additionally, claimant admitted seeing her husband wrap the money and pin it to the bottom of her purse. This establishes that the money Ilone Sogi now claims was brought to this country illegally and is subject to forfeiture. Claimant's assertion that she had a separate interest in a portion of the forfeited currency is insufficient proof as a matter of law to defeat the Government's motion for summary judgment.
 
 
 22
 Rule 56(e) of the Federal Rules of Civil Procedure requires:
 
 
 23
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. And if he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 24
 The guilty plea covering the entire amount of currency is sufficient proof that the currency is subject to forfeiture. Claimant's assertions of a separate interest in the currency and lack of knowledge of the amount of currency in her husband's possession do not raise a genuine issue of material fact. See United States v. One 1975 Mercedes 280S, supra, 590 F.2d at 200. This is especially true in light of her admission that she saw him place the money in her purse. John Sogi admitted in his plea that all currency was the subject of a knowing violation of customs laws.
 
 
 25
 Claimant's lack of knowledge of the violation is no defense to forfeiture. In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Supreme Court rejected a similar claim by the lessor of a yacht subject to forfeiture because the lessees had used it to transport marijuana. Once a chattel is subject to forfeiture, the Court emphasized, "the innocence of the owner subject to forfeiture has almost uniformly been rejected as a defense." Id. at 683, 94 S.Ct. at 2092. The Court held that unless the offending property has been taken without the owner's consent or the owner shows he had done all he could to avoid the illegal use of it, his ignorance of the illegal use is no defense to forfeiture. Id. at 689, 94 S.Ct. at 2094. See also United States v. One 1975 Mercedes 280S, supra, 590 F.2d at 198 (car owner's assertion that she was unaware that her husband kept small amount of marijuana in her car was not a valid defense to forfeiture); United States v. One 1973 Buick Riviera Automobile, VIN 4Y87U3H548756, 560 F.2d 897, 900 (8th Cir.1977) (per curiam) (forfeiture of car did not violate due process notwithstanding owner was not aware his son would use it to transport marijuana); United States v. One 1972 Toyota Mark II, supra, 505 F.2d at 1165 ("The innocence, noninvolvement or lack of negligence of the owner in allowing the vehicle to be used for the forfeitable offense is no defense to the forfeiture action.") (citations omitted); United States v. One 1971 Lincoln Continental Mark III, 2 Door Hardtop, VIN 1Y89A814760, 460 F.2d 273, 275 (8th Cir.1972) (per curiam) ("Nor is appellant's unawareness of the illegal use of his automobile a valid defense to a forfeiture action.") (citations omitted). But see United States v. One 1976 Mercedes Benz 280S, Serial No. 11602012072193, 618 F.2d 453, 456 (7th Cir.1980) (claimant is entitled to jury determination in a forfeiture action in the absence of conviction of the offense giving rise to forfeiture).
 
 
 26
 The judgment of the district court awarding forfeiture is affirmed.
 
 
 
 *
 The HONORABLE HARRY PHILLIPS, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation