**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 1977 CADILLAC SEVILLE, etc., Defendant.**

**Civ. A. No. 82–0570–L(B).**

United States District Court, W.D. Kentucky, Louisville Division.

Aug. 20, 1986.

James H. Barr, Asst. U.S. Atty., Louisville, Ky., for plaintiff.

C. Fred Partin, Louisville, Ky., for defendant.

### MEMORANDUM

BOYCE F. MARTIN, Jr., Circuit Judge, Sitting by Designation.

This action was instituted by Complaint for Forfeiture in this Court on September 27, 1982. The Complaint alleged that the 1977 Cadillac Seville, registered to Mona Ragland, had been used and was intended to be used in the trafficking of marijuana

and therefore subject to seizure and forfeiture under 21 U.S.C. § 881 and 49 U.S.C. §§ 781–788. This Court granted a default judgment for the United States but was reversed by the United States Court of Appeals for the Sixth Circuit on March 6, 1984. 732 F.2d 156. On October 29, 1984, claimant Mona Ragland filed a motion for dismissal and for return of the seized property based on allegations of unreasonable delay in the institution of the forfeiture. This Court denied the motion on December 27, 1985. The action is now before the Court upon the motion of the United States for summary judgment.

Clifford N. Best, a Special Agent of the United States Drug Enforcement Administration, has submitted affidavits detailing the events surrounding the seizure of the Cadillac. In December of 1981, Best received information from two separate sources that James W. Ragland, Mona Ragland's husband, led a large scale marijuana and cocaine trafficking organization based in Louisville, Kentucky. Ragland's modus operandi was to employ several individuals to transport trunkloads of marijuana from Florida to Kentucky using fullsized automobiles with a large trunk capacity.

During January and February, 1982, Best and Detective Gary Epperson of the Jefferson County Police Department conducted surveillance at Ragland's residence, 9110 Linn Station Road, Jefferson County, Kentucky. Best personally observed at the residence several full-sized passenger cars including the Cadillac.

On February 25, 1982, Best, Epperson and Mickey Reeves, a Drug Enforcement Administration informant, observed two men in the Cadillac arrive at 8905 Thelma Lane, Ragland's reputed "stash house." Reeves identified James Ragland as the driver and Gary Whittinghill as the passenger. Reeves also stated that Whittinghill was one of the drivers employed by Ragland.

On March 1, 1982, Best, Epperson and other Jefferson County police officers executed a search pursuant to a warrant at both Thelma Lane and Linn Station Road. From the Thelma Lane house, agents seized approximately 6 pounds of cocaine, 348 pounds of marijuana, $177,000 in cash and 2 handguns. At the Linn Station Road house, the police observed marijuana residue in the Cadillac and three other large automobiles. The vehicles were seized and the evidence technicians submitted the sweepings from the automobiles to the Kentucky State Police Laboratory for examination. The examination report stated that marijuana was recovered from the front passenger side and the trunk of the Cadillac. James Ragland, Mona Ragland, Whittinghill and others pled guilty on May 17, 1983, to trafficking in marijuana. The sweepings tested by the police lab have unfortunately since been destroyed.

The applicable standards on a motion for summary judgment are well established. Summary judgment may not be granted where there are genuine issues of fact or where there are issues as to the inferences which may be drawn from the facts. *United ed States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). As the Sixth Circuit held in *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979) in reversing an order granting summary judgment:

> [O]n a motion for summary judgment the movant has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 158–59, 90 S.Ct. 1598, [1609] 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962) (per curiam); *United States v. Articles of Device, etc.*, 527 F.2d 1008, 1011 (6th Cir.1976).

On a motion for summary judgment, all factual disputes must be resolved, and all

reasonable inferences must be drawn, in favor of the party against which summary judgment is sought. *United States v. Diebold, Inc.*, 369 U.S. at 655, 82 S.Ct. at 994 (1962); *Smith v. Hudson*, 600 F.2d at 63 (6th Cir.1979).

Forfeiture actions differ from most civil and criminal proceedings in that the burden of proof is on the party claiming the property once the government has shown probable cause exists to believe the property was used in a smuggling operation. *United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 199 (6th Cir.1978). To meet its burden of demonstrating probable cause to institute the forfeiture action, the United States must show:

> "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980); *United States v. One 1975 Mercedes 280S*, 590 F.2d 196 (6th Cir.1978). In making its probable cause showing, however, the government must also establish a nexus " 'between the property to be forfeited and the criminal activity defined by the statute;' i.e., the exchange of a controlled substance." *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir.1981).

*United States v. $22,287 United States Currency*, 709 F.2d 442, 446–47 (6th Cir. 1983).

In reviewing the facts of this case, this Court holds that the following facts support probable cause that the Cadillac was involved in the drug trade: Mickey Reeves related that James Ragland utilized full-sized vehicles with large trunks to transport marijuana and cocaine from Florida to Kentucky; the Cadillac is such a full-sized vehicle with a large trunk; the Cadillac was observed at Ragland's stash house with Ragland and one of his drivers; and large quantities of illegal drugs were seized at the stash house within days of this sighting. These facts show probable cause, supporting certainly more than a mere suspicion that the Cadillac was used to smuggle marijuana.

The claimant argues that material issues of fact exist and that summary judgment is therefore inappropriate. All of claimant's arguments, however, revolve around the sweepings seized from the Cadillac. The claimant, for example, wishes to cross-examine the state police chemist who conducted the test. While the failure of the United States to retain the sweepings until the ultimate conclusion of this case is reprehensible, this Court found probable cause existed even without the sweepings. The Court has searched the record and found no refutation by claimant of the facts that constitute probable cause.

The forfeiture laws are "admittedly harsh but nonetheless valid." *One 1975 Mercedes 280S*, 590 F.2d at 198. Viewing the record in the light most favorable to the claimant, there is no reasonable dispute as to the facts relevant to the issue of probable cause, and the United States is therefore entitled to summary judgment in its favor.