U.S.C. § 2000aa.[4] This statute is not applicable to the seizure of radio transmission equipment used in connection with unlicensed radio broadcasting because the seized radio transmission equipment is not documentary or work product materials. *See* 42 U.S.C. § 2000aa-7(a), (b) (defining "documentary materials," and "work product materials").

### III. CONCLUSION

Because Perez failed to present a valid defense to forfeiture after the government established probable cause, we **AFFIRM** the district court's judgment granting the government's motion for summary judgment, denying Perez's motion for summary judgment, and entering an order of forfeiture.

---

[4]Under 42 U.S.C. § 2000aa(a) & (b), the government, in connection with the investigation or prosecution of a criminal offense, is prohibited from searching for or seizing any documentary or work product materials "possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication."

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0219P (6th Cir.)
File Name: 00a0219p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

ANY AND ALL RADIO STATION TRANSMISSION EQUIPMENT, RADIO FREQUENCY POWER AMPLIFIERS, RADIO FREQUENCY TEST EQUIPMENT AND ANY OTHER EQUIPMENT ASSOCIATED WITH OR USED IN CONNECTION WITH THE TRANSMISSIONS WITHIN THE FM BROADCAST BAND, LOCATED AT 9613 MADISON AVENUE, CLEVELAND, OHIO, 44102,
    *Defendant,*

WILLIAM PEREZ,
    *Claimant-Appellant.*

No. 99-3991

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 98-01937—Donald C. Nugent, District Judge.

Submitted: June 13, 2000

Decided and Filed: July 6, 2000

Before: JONES, BOGGS, and MOORE, Circuit Judges.

—————————

**COUNSEL**

**ON BRIEF:** Paul Mancino, Jr., MANCINO, MANCINO & MANCINO, Cleveland, Ohio, for Appellant.  Jacob M. Lewis, Robert S. Greenspan, U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, APPELLATE STAFF, Washington, D.C., for Appellee.

—————————

**OPINION**

—————————

KAREN NELSON MOORE, Circuit Judge.  The United States brought this civil in rem forfeiture action under the Communications Act of 1934 against radio transmission equipment used by claimant William Perez for unlicensed radio broadcasting.  In response, Perez did not deny that he had been broadcasting from a radio station without a license but instead raised several constitutional and statutory objections to the forfeiture.  The district court granted summary judgment to the government after concluding that the government had satisfied its burden of establishing probable cause and that Perez had failed to present a valid defense to the forfeiture action.  On appeal, Perez argues that the government did not satisfy its burden for forfeiture and that he is entitled to summary judgment because such forfeiture would violate his constitutional and statutory rights.

In this case, the target of the government's forfeiture action was radio transmission equipment, which is movable personable property.  Immediate seizure was necessary to establish the district court's jurisdiction over the equipment, which could be moved easily outside of its jurisdiction, and to make sure that the equipment was not moved or hidden once notice of the forfeiture action was given.[3]  *See Calero-Toledo*, 416 U.S. at 679; *James Daniel Good Real Property*, 510 U.S. at 57.  Therefore, in light of these exigencies due process did not require notice and a hearing before seizure.

Next, Perez asserts that the government violated § 510(b) because the seizure took place before the district court ordered forfeiture.  This provision does not require that the government obtain a forfeiture order before seizure, but rather requires only that the seized property be "subject to forfeiture."  47 U.S.C. § 510(b).  Moreover, as noted above, seizure traditionally has been required to establish the court's in rem jurisdiction over the property in the forfeiture action.  *See James Daniel Good Real Property*, 510 U.S. at 57 (stating that "seizure of the res has long been considered a prerequisite to the initiation of *in rem* forfeiture proceedings").

Finally, Perez contends that forfeiture would violate his rights under the First Amendment Privacy Protection Act, 42

—————————

[3]The affidavit of FCC Agent Viglione set forth the following basis for exigency:

I believe that exigent circumstances exist which warrant immediate seizure of all transmitting equipment and associated devices from 9613 Madison Avenue, Cleveland, Ohio 44102.  Despite repeated warnings, the unlicensed station operating on frequency 91.9 MHz at this location continues to transmit in violation of 47 U.S.C. § 301.  The equipment used in this type of operation is usually highly portable.  Any delay in entering the premises to execute the seizure could result in removal of the equipment to another location or concealment beyond the scope of the writ.

J.A. at 19 (Viglione Aff.).

governed by the procedures set forth in the supplemental rules for certain admiralty and maritime claims. In order to obtain a seizure of the radio transmission equipment, the government was required to submit proof in a verified complaint that this equipment was being used with willful and knowing intent to violate the licensing requirement of § 301. *See* ADMIR. & MARITIME CLAIMS SUPP. R. C(2); 47 U.S.C. § 510. Thus, the government was not required to include proof of criminal wrongdoing in its application for a seizure warrant.

Fourth, Perez argues that the seizure violated his Fifth Amendment right to due process because the warrant was issued after an ex parte hearing before a magistrate judge. In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 59 (1993), the Supreme Court held that in the absence of exigent circumstances, due process requires the government to give notice and an opportunity to be heard before seizing real property subject to civil forfeiture. The Court distinguished *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974), which upheld the seizure of a yacht without a prior hearing, on two grounds: first, because such personal property may be moved, immediate seizure is necessary in order to establish the court's in rem jurisdiction over the property, and second, it is possible that such property could disappear easily if the government had to give advance warning of the forfeiture action. *See James Daniel Good Real Property*, 510 U.S. at 57. The Supreme Court's holding in *James Daniel Good Real Property* requiring that notice and a hearing be provided in forfeiture actions involving real property therefore does not apply to forfeiture actions involving easily movable personal property. *See United States v. $129, 727.00 U.S. Currency*, 129 F.3d 486, 493 (9th Cir. 1997) (concluding that notice and hearing are not required in an action for the forfeiture of currency under *James Daniel Good Real Property*, "[b]ecause the Court explicitly did not require any additional due process safeguards for movable personal property such as currency"), *cert. denied*, 523 U.S. 1065 (1998).

For the reasons stated below, we **AFFIRM** the district court's judgment.

## I.

On January 20, 1998, the Detroit field office of the Federal Communications Commission ("FCC") received a complaint that a radio station, identified as "WPRC-FM," was broadcasting without a license at the frequency 91.9 MHz in Cleveland, Ohio. The next day, two FCC agents were dispatched to locate the source of WPRC-FM's signal with an FCC mobile automatic direction finding vehicle. The agents determined that the signal was being transmitted from a commercial building displaying a sign for "Belinda's Bar," located at 9613 Madison Avenue, Cleveland, Ohio, 44102. The signal strength was measured at 114,702 microvolts per meter at distance of approximately 60.3 meters from the source. Because a license is required for a signal of this strength, the agents investigated the building. They spoke with William Perez, who admitted responsibility for operating the station. The agents inspected the equipment and found a radio transmitter connected to an antenna on top of the building. They then gave Perez a verbal warning that he was operating a radio transmitter without a license in violation of the Communications Act of 1934 and thus was subject to forfeiture penalties. The following day, the two FCC agents again checked the source of the radio station signal operating at 91.9 MHz frequency and discovered that it still was being transmitted from an antenna on the roof of Belinda's Bar. At a distance of approximately 60.3 meters, the strength of the signal was measured at 89,212 microvolts per meter.

Based on these findings, on July 29, 1998, the FCC Detroit field office sent a letter by certified mail, return receipt requested, to Perez informing him that the operation of his radio station at 91.9 MHz without a license was a violation of the Communications Act, 47 U.S.C. § 301, and that continued operation could result in penalties such as fines or imprisonment or both. The return receipt indicates that the letter was delivered on August 3, 1998. On August 17, 1998,

David A. Viglione, another FCC agent, was sent to the site to investigate. He located the signal of the radio station broadcasting at 91.9 MHz and determined that it still was being transmitted from an antenna on the roof of Belinda's Bar. The antenna was located at the back of the roof area, while it had been located near the front when the first set of agents had investigated the scene. At approximately 198 meters from the source, Viglione measured the signal at 7,902 microvolts per meter.

On the basis of these findings, the United States filed a complaint under 47 U.S.C. § 510 seeking forfeiture of all equipment used for the unlicensed transmission of radio station WPRC-FM at the frequency 91.9 MHz from the building located at 9613 Madison Avenue, Cleveland, Ohio, 44102. The government also filed an application for a seizure warrant, with an affidavit from Viglione setting forth the facts stated above, and a warrant was issued by a magistrate judge. In response, Perez filed a claim of ownership in the seized property. Perez also filed a motion to dismiss arguing that seizure and forfeiture of the property would violate his constitutional rights under the First, Fourth, and Fifth Amendments and also would violate his rights under the First Amendment Privacy Protection Act. The district court denied this motion by marginal order.

The government then filed a motion for summary judgment arguing that because it had established probable cause to seize the radio transmission equipment and Perez did not have a valid defense to forfeiture, it was entitled to forfeit the equipment as a matter of law. Perez filed a brief in opposition to the government's motion and also filed a motion for summary judgment based on the same arguments set forth in his motion to dismiss.

The district court concluded that the government established probable cause for the forfeiture and that Perez did not present a valid defense to forfeiture, and therefore it granted the government's motion for summary judgment. The district court also denied Perez's cross-motion for

transmissions. Under these circumstances, the district court properly relied on Viglione's affidavit in concluding that the government established probable cause for forfeiture.

As a defense to forfeiture, Perez raises several constitutional and statutory objections. First, he claims that the government could not seek forfeiture because such an action is available only to the extent that it seeks to compensate the government for lost revenue. *See United States v. Bajakajian*, 524 U.S. 321, 329 (1998) (stating that "forfeiture of the currency here does not serve the remedial purpose of compensating the Government for a loss"). It is well established, however, that property actually used to commit an offense may be subject to forfeiture. *See id.* at 333 ("Instrumentalities historically have been treated as a form of 'guilty property' that can be forfeited in civil *in rem* proceedings."). The forfeiture action in this case serves the accepted remedial purpose of preventing further violation of the law by seizing the instrumentality used for such violation.

Second, Perez claims that forfeiture of his radio transmission equipment violates his First Amendment right to freedom of expression because it prevents him from exercising his right to broadcast his views on the radio. The Supreme Court has stated that "[t]he right of free speech does not include . . . the right to use the facilities of radio without a license." *National Broad. Co. v. United States*, 319 U.S. 190, 227 (1943); *see also Any and All Radio Station Transmission Equip.*, 204 F.3d at 665-66. Because Perez does not have a First Amendment right to broadcast his views on an unlicensed radio station, this argument does not present a defense to forfeiture.

Third, Perez contends that the government's seizure of his radio transmission equipment violated his Fourth Amendment right to be free from unreasonable searches and seizures because the government's application and affidavit for a seizure warrant did not contain any allegations of criminal wrongdoing as required under FED. R. CRIM. P. 41(b). This argument fails because this is a civil forfeiture action

that it could not be seen. Perez does not dispute any of these facts or present any evidence to show that he operated the unlicensed radio station without knowing and willful intent. Thus, the district court did not err in concluding that Perez violated § 301 with knowing and willful intent.

Perez also argues that the government improperly relied on inadmissible hearsay evidence in seeking summary judgment. According to FED. R. CIV. P. 56(e), affidavits submitted in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Viglione's affidavit, which the government used to establish the facts of this case, sets forth several facts that were not based on his personal knowledge. We have held, however, that the government may use hearsay statements to establish probable cause in a forfeiture proceeding. *See United States v. 526 Liscum Drive*, 866 F.2d 213, 217 n.3 (6th Cir. 1989), *abrogation on other grounds recognized by United States v. 16510 Ashton*, 47 F.3d 1465, 1470 (6th Cir. 1995); *see also United States v. One 56-Foot Motor Yacht Named the Tahuna*, 702 F.2d 1276, 1283 (9th Cir. 1983). "The question of probable cause depends not upon the admissibility of the evidence upon which the government relies but only upon the legal sufficiency and reliability of the evidence." *Tahuna*, 702 F.2d at 1283.

In his affidavit, Viglione sets forth his credentials, training, and experience as an FCC agent in conducting numerous investigations of the use of illegal radio equipment. He also states that "[t]he information contained in this affidavit is based upon my own investigation, my review of the investigative reports, and official correspondence." J.A. at 14 (Viglione Aff.). Perez does not contest any of the facts alleged in the affidavit, and several crucial facts were based on Viglione's personal knowledge, including his determination in August of 1998 that Perez's radio station was broadcasting at 91.9 MHz from Belinda's Bar at a strength greater than that permitted for unlicensed

---

summary judgment on the ground that these arguments already had been rejected when the district court denied Perez's motion to dismiss. It then entered an order of forfeiture.

## II.

We review de novo a grant of summary judgment. *See EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 701 (6th Cir. 1999). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). In the context of forfeiture, we have instructed:

> Summary judgment procedures under Rule 56, Fed. R. Civ. P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. Those procedures themselves are quite summary, especially when compared to normal civil actions.

*United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 199 (6th Cir. 1978).

The Communications Act of 1934 was enacted "to maintain the control of the United States over all the channels of radio transmission; and to provide for the use of such channels . . . by persons for limited periods of time, under licenses granted by Federal authority." 47 U.S.C. § 301. It prohibits radio broadcasting without a license unless specifically exempted under the Act. *See id.*[1]; 47 C.F.R. § 15.1. Regulations promulgated by the FCC under the Act provide that certain low-power radio transmissions may be exempt from

---

[1] 47 U.S.C. § 301 provides in part:
No person shall use or operate any apparatus for the transmission of energy or communications or signals by radio . . . except under and in accordance with this chapter and with a license in that behalf granted under the provisions of this chapter.

licensing. For transmissions falling within the frequency range of 88-108 MHz on the FM broadcast band to be exempted, the strength must not exceed 250 microvolts per meter at 3 meters. 47 C.F.R. § 15.239(b).

When a broadcaster violates the § 301 licensing requirement with willful and knowing intent, the United States is authorized to seize and forfeit the equipment used in connection with the unlicensed radio broadcasting. 47 U.S.C. § 510(a).[2] The procedures for seizing such equipment shall be the same as those provided by "the supplemental rules for certain admiralty and maritime claims by any district court of the United States having jurisdiction over the property." 47 U.S.C. § 510(b). In addition, seizure and forfeiture under this provision are governed by the laws relating to the seizure and forfeiture of property for violation of the customs laws. 47 U.S.C. § 510 (c)(1).

In bringing a forfeiture action under § 510, the government must show probable cause to support the forfeiture. *See* 19 U.S.C. § 1615; *United States v. Any and All Radio Station Transmission Equip.*, 204 F.3d 658, 666 (6th Cir. 2000); *United States v. One(1) 1966 Beechcraft Baron*, 788 F.2d 384, 387 (6th Cir. 1986). If the government establishes probable cause, then the burden shifts to the claimant to prove by a preponderance of the evidence that the equipment is not subject to forfeiture. *See One(1) 1966 Beechcraft Baron*, 788 F.2d at 387. "It is well settled that the government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause." *United States v. 566 Hendrickson Boulevard*, 986 F.2d 990, 995 (6th Cir. 1993).

---

[2]47 U.S.C. § 510(a) provides:
Any electronic, electromagnetic, radio frequency, or similar device, or component thereof, used, sent, carried, manufactured, assembled, possessed, offered for sale, sold, or advertised with willful and knowing intent to violate section 301 . . . may be seized and forfeited to the United States.

In this case, the government established probable cause for the forfeiture of radio transmission equipment used in broadcasting by the radio station WPRC-FM at 91.9 MHz from Belinda's Bar. Agent Viglione's affidavit shows that the FCC found on three separate occasions that the radio station was operating at this frequency from a signal whose strength greatly exceeded the maximum level allowed for non-licensed transmissions. A review of the FCC's records showed that no license had ever been issued for this radio station. It is undisputed that the radio station was broadcasting in violation of § 301 of the Communications Act.

Perez, however, argues that the government did not establish willful and knowing intent to violate this provision as required for forfeiture of transmission equipment under § 510. Intent is a factual issue, he contends, that must be determined by a jury and cannot be decided on summary judgment. We reject this argument. As noted above, the rules of civil procedure regarding summary judgment are modified in the context of a civil forfeiture action to take into account the more limited procedures in such an action. *See One 1975 Mercedes 280S*, 590 F.2d at 199. Forfeiture actions do not provide for a full jury trial, but instead are subject only to the limited procedures stated above, under which the government is entitled to an order of forfeiture if it establishes probable cause and the claimant fails to establish a defense. Thus, the district court, not a jury, decides whether § 301 was violated with willful and knowing intent when presented with a complaint for forfeiture under § 510.

Moreover, the government in this case presented significant evidence that Perez was willfully and knowingly broadcasting from a radio station without a license in violation of § 301. Perez admitted to broadcasting from the radio station. The FCC gave Perez both oral and written notice that such broadcasting without a license was in violation of the Communications Act. Perez, however, continued to broadcast from the radio station. It even appears that the antenna from which his signal was being transmitted was moved from the front of the roof to the back of the roof so