**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1971 LINCOLN CONTINENTAL
MARK III, 2–DOOR HARDTOP, VEHI-
CLE NO. 1Y89A 814760, SERIAL NO.
1Y187, Defendant.**

**No. 71 C 199(4).**

United States District Court,
E. D. Missouri, E. D.

Aug. 25, 1971.

Daniel Bartlett, Jr., U. S. Atty., Jerry J. Murphy, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WANGELIN, District Judge.

This cause coming on to be heard on the 25th day of August, 1971, and the Court having heard and considered the evidence and being fully advised, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. That on or about the 2nd day of November, 1970, Dennis Moriarity, an agent of the Bureau of Narcotics and Dangerous Drugs, Department of Justice, acting in his official capacity, seized the defendant motor vehicle on land in the City of St. Louis, State of Missouri, within the Eastern District of Missouri, Eastern Division.

2. That the Attorney General of the United States has previously denied the petition for remission or mitigation of forfeiture of Claud Thompson of Detroit, Michigan.

3. That a complaint for forfeiture and order for attachment were filed on April 2, 1971.

4. That notice of the seizure of monition was duly published on April 14, 1971, in the St. Louis Daily Record, a newspaper in the City of St. Louis, State of Missouri; notice was posted in the corridor of the United States Court and Custom House in the City of St. Louis, State of Missouri.

5. That a conformed copy of complaint and order for attachment were delivered to Messrs. Claud Thompson and Charles Earl Thompson on April 15, 1970, by certified mail.

6. That the motor vehicle described in the testimony and in the Complaint for Forfeiture is one and the same.

7. That on November 2, 1970, the defendant motor vehicle was used to transport, conceal, possess and facilitate the transportation, concealment, possession and sale of a contraband article, to wit, a quantity of heroin.

8. That at the time the defendant motor vehicle was so used it was in the possession and being driven by the said Charles Earl Thompson.

9. That the said contraband article was concealed upon the person of and in the possession of the driver of the defendant motor vehicle, the said Charles Earl Thompson.

### CONCLUSIONS OF LAW

1. That this Court has jurisdiction of the subject matter of this proceeding by virtue of and under Section 1355, Title 28, United States Code.

2. That on or about November 2, 1970, the defendant motor vehicle was

used to transport, conceal, possess and facilitate the transportation, concealment, possession, and sale of heroin in violation of Section 781, Title 49, United States Code.

3. That the defendant motor vehicle was subject to seizure and forfeiture by virtue and under the provisions of Section 782, Title 49, United States Code.

4. That the plaintiff, United States of America, is entitled to a judgment of forfeiture.