**UNITED STATES of America, Appellee,**

v.

**ONE 1971 LINCOLN CONTINENTAL MARK III, 2 DOOR HARDTOP, VEHICLE NO. 1Y89A814760, SERIAL NO. 1Y187, Claude Thompson, Appellant.**

No. 71–1692.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided May 17, 1972.

John William Buechner, Miller & Buechner, St. Louis, Mo., filed brief for appellant Claude Thompson.

Daniel Bartlett, Jr., U. S. Atty., and Jerry J. Murphy, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Claude Thompson appeals from a district court judgment which ordered the forfeiture of a certain 1971 Lincoln Continental Mark III automobile pursuant to 49 U.S.C. § 782.[1] Thompson claims to have been the registered owner of the automobile. We affirm the decision of the district court, 332 F.Supp. 1056.

The events which culminated in the forfeiture order may be summarized briefly. On November 2, 1970, the automobile was being driven in the downtown area of St. Louis, Missouri, by an individual who identified himself as Charles Earl Thompson. The record does not disclose whether Charles Earl Thompson and appellant are one and the same person, or related to each other. The automobile was stopped by St. Louis police detectives and the driver was arrested and charged with suspicion of having violated a Missouri narcotics law. The detectives searched the driver and discovered on his person a quantity of what proved to be heroin. After the arrest, a federal agent who had participated in the surveillance caused the automobile to be impounded on the basis of its having been used in connection with the interstate transportation of contraband. The government subsequently filed a complaint seeking forfeiture, gave notice by publication in the St. Louis Daily Record, a newspaper published in St. Louis, Missouri, and by the mailing of a copy of the complaint and order of attachment by certified mail to appellant and Charles Earl Thompson. Eventually, a default judgment was entered.

Thompson contends that the automobile should be returned to him because (1) the only evidence that the vehicle had been used to transport contraband was obtained by means of an illegal search and (2) Thompson had no knowledge of any illegal use to which his automobile might have been put. Neither argument can withstand analysis.

The claim of an illegal search must fail as a result of appellant's failure to appear, and to file a motion for suppression of evidence in the district court. An owner of goods sought to be forfeited has standing to move for the suppression of evidence in a civil *in rem* action. Boyd v. United States, 116 U.S.

---

1. Section 782 provides, *inter alia,* for the seizure and forfeiture of vehicles used to transport contraband as defined in 49 U.S.C. § 781, including narcotic drugs.

616, 638, 6 S.Ct. 524, 29 L.Ed. 746 (1886). But where no such motion has been made, and the propriety of the search thus has not been considered by the district court, the matter cannot be reviewed by a court of appeals. *Cf.*, Gendron v. United States, 295 F.2d 897, 902 (8th Cir. 1961). Apparently, appellant did file a petition for remission or mitigation with the Attorney General of the United States. The petition was denied and appellant did not challenge that action.

 Nor is appellant's alleged unawareness of the illegal use of his automobile a valid defense to a forfeiture action. United States v. One 1967 Cadillac Coupe Eldorado, 415 F.2d 647, 648 (9th Cir. 1969); General Finance Corp. of Florida South v. United States, 333 F.2d 681, 682 (5th Cir. 1964); United States v. One 1961 Cadillac, 337 F.2d 730, 732 (6th Cir. 1964).

The judgment of the district court is affirmed.