667 F.2d 502
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1951 DOUGLAS DC-6 AIRCRAFT, et al., Defendants,
Ernesto Zaragoza Y., Claimant-Appellant.
ERNESTO ZARAGOZA Y., Plaintiff-Appellant,
v.
UNITED STATES of America; John Doe Wray, U. S. Customs
Service Regional Supervisor; Adele Corp, heir of
estate of Bryan Corp; Cryderman Air
Service, Inc., Defendants-Appellees.
 No. 80-1194.
 United States Court of Appeals,
Sixth Circuit.
 Oct. 29, 1981.
 
 Michael J. Meehan, Molloy, Jones, Donahue, Trachta, Childers & Mallamo, Tucson, Ariz., for claimant-appellant.
 W. J. Michael Cody, U. S. Atty., Memphis, Tenn., Allan Neef, Darden, Neef & Heitsch, Birmingham, Mich., Richard D. Burris (Corp.), Tucson, Ariz., for plaintiff-appellee.
 Before EDWARDS, Chief Judge, and ENGEL and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Ernesto Zaragoza Y. appeals from the judgment of the district court, Judge Harry W. Wellford, authorizing and approving the forfeiture of an airplane in which he claims a security interest. United States Customs agents seized the plane at Memphis International Airport on April 26, 1977. It is undisputed that the plane contained 5,420 pounds of marijuana when seized, and that the plane would be subject to forfeiture under 19 U.S.C. § 1595a(a) but for Zaragoza's security interest. Zaragoza appeals on three grounds. First, he claims that venue was not proper in the Western District of Tennessee under 28 U.S.C. § 1395(b) because the plane had been transferred by the government for storage to Tucson, Arizona before the forfeiture action was commenced. The court is of the opinion that 19 U.S.C. § 1605, which authorizes the kind of storage transfer made in this case, permits forfeiture actions to be brought in the district where the property was seized regardless of where the customs officer chooses to store the property after seizure.
 
 
 2
 Zaragoza's second claim is that the fifteen months which elapsed between the seizure of the airplane and the initiation of the forfeiture action constituted unreasonable delay violative of Zaragoza's procedural due process rights and 19 U.S.C. § 1604. The court holds that the delay in this case was not unreasonable under the circumstances, for the reasons set forth in Judge Wellford's order of August 31, 1979 denying Zaragoza's motion for summary judgment. 475 F.Supp. 1056.
 
 
 3
 Finally, Zaragoza argues that forfeiture of the airplane would deprive him of his security interest in the plane and thereby abridge his substantive due process rights. He relies entirely upon Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1973), which hints that the owner of property subject to statutory forfeiture might have a constitutional defense to the forfeiture if he "prove(s) not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property." Id. at 689, 94 S.Ct. at 2094. We hold, for the reasons stated in Judge Wellford's carefully reasoned opinion of December 12, 1979, 525 F.Supp. 13, that Zaragoza failed to prove that he exercised due diligence in preventing the illegal use of his collateral. Zaragoza, therefore, cannot stand under the constitutional umbrella of Calero-Toledo.[1] Accordingly,
 
 
 4
 IT IS ORDERED that the judgment of the district court is affirmed.
 
 
 
 [1]
 Because we agree with Judge Wellford's holding that Zaragoza's claim does not meet the standard set forth in Calero-Toledo, we express no opinion on the alternate holding in Conclusion numbers 5 and 6 of his opinion, that Zaragoza's failure to perfect his security interest under 49 U.S.C. § 1403(c) until after the seizure of the plane precludes him from raising the Calero-Toledo defense. Likewise, we express no view on the more basic question of whether the "innocent owner" defense suggested by Calero-Toledo is available to lienholders at all