UNITED STATES of America, Plaintiff,

v.

**(1) 30 FOOT 1982 MORGAN, VIN. MGJ 300120382, Defendant.**

**No. 83–72–Civ–FtM–17.**

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 14, 1984.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., for plaintiff.

Lawrence D. Martin, Naples, Fla., for defendant.

ROBERT D. MORGAN, District Judge, Sitting by Designation.

## DECISION AND ORDER ON STIPULATED FACTS

This cause was brought *in rem* by the Government pursuant to 19 U.S.C. § 1595(a), seeking the forfeiture of the defendant boat, which quite apparently was used to unlawfully transport marijuana. The claimant, Heyward Malcolm Smith, Jr., claims ownership of the boat and seeks to prevent forfeiture. The parties have submitted the case to the court for determination on a stipulated set of facts.

A United States customs patrol vessel found the defendant vessel abandoned at New Pass, near Bonita Springs, Florida. Large amounts of marijuana residue were found on her decks, and two other aban-doned vessels were found nearby. One of those vessels was laden with marijuana bales, and numerous bales were found floating in the waters nearby. The customs vessel encountered this picture in response to an alert that an off-load of marijuana was in progress at New Pass.

By way of deposition, claimant Smith asserted that his boat had been stolen from its rented berth on the property of a Mr. Townsend. Claimant took no precautions whatsoever to guard against potential theft, nor did he make arrangements with others to provide security for the vessel. Smith carried no insurance on the vessel, and he never made a claim against Townsend for his loss. The keys were kept on the vessel in an unlocked cabinet. Claimant also identified numerous other instances of theft of small items from his vessel.

On December 31, 1982, the day after its seizure, claimant Smith reported to the Collier County sheriff that the vessel had been stolen. Smith asserted that he learned of the vessel's disappearance by checking on it, as was his practice, "every four, five days, or a couple weeks sometimes."

■ Faced with this background of stipulated facts, the parties are essentially in agreement that this court's evaluation and application of the principles of *Calero-Toledo v. Pearson Yacht Leasing Company,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), will control decision of this case. This court agrees.

In *Calero-Toledo,* the Supreme Court of the United States clearly determined that innocence of any participation in illegal use by the owner of a vessel is not ordinarily a defense to forfeiture. *Id.* at 688, 94 S.Ct. at 2094. The Court, however, went on to note that there may be exceptions to this rule, as follows:

"It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent. (Citations omitted.) Similarly, the same might be said of an owner who proved

not only that he was uninvolved in or unaware of the wrongful activity, but also that he had done all that reasonably be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive." *Id.* at 689–90, 94 S.Ct. at 2094–95.

 The Government must show probable cause for seizure, which is clear and stipulated here, and claimant Smith bears the burden of proof on any such affirmative defenses, as the stipulation also recognizes. *See* 19 U.S.C. § 1615.

It is clear to the court that the claimant has not borne his burden of placing himself within one of the *Calero-Toledo* stated defenses. First, it is significant that Smith has not demonstrated the vessel was actually stolen. The stipulation carefully circumscribes that issue, and the record before the court merely establishes that claimant Smith filed a report with the Collier County Sheriff's Department claiming a theft of the vessel. That purported theft was in fact reported the day *after* the seizure, which strongly undermines its probative value. In any event, evidence of an *alleged* theft is not sufficient to sustain the claimant's burden of bringing this case within the first *Calero-Toledo* exception.

Alternatively, as to the second *Calero-Toledo* exception, claimant has not established that he had done "all that reasonably be expected to prevent the proscribed use of his property." Claimant points to affidavit testimony from two local fishermen to the effect that leaving his keys in the vessel was "reasonable." The fact remains, however, that despite his knowledge of the earlier thefts, Smith admittedly took no precautions with regard to the vessel itself, carried no insurance, effected no security arrangements as to its berth or marina, and didn't even look for the vessel nearly as often as once a day. In short, the court is persuaded by the Government's argument that Smith failed to satisfy his duty to do all that he reasonably could do to prevent the proscribed use. *See also*

*United States v. One 1976 Lincoln Mark IV*, 462 F.Supp. 1383, 1391 (W.D.Pa.1979), which interprets *Calero-Toledo* as requiring affirmative action to prevent the proscribed use.

Based upon this stipulated record, the court finds that claimant Smith has failed to meet his burden of establishing a legitimate claim to the defendant vessel under the precepts of *Calero-Toledo*. The court consequently finds in favor of the plaintiff.

IT IS ORDERED, therefore, that forfeiture of the defendant vessel is appropriate and that judgment shall be entered to that effect.