762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
$13,607.00 CANADIAN CURRENCY, $750.00 UNITED STATES
CURRENCY, AND ONE 1978 BUICK ELECTRA, (VIN:
4V69KH430748), DEFENDANTS AND BERT W.
MCCAW CLAIMANT-APPELLANT.
 
 NO. 84-1016
 United States Court of Appeals, Sixth Circuit.
 3/15/85
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: WELLFORD and MILLBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 In this forfeiture action, Bert McCaw, appellant, appeals from the district court's granting of summary judgment in the government's favor. On appeal, Bert McCaw seeks to assert the ownership interests of his mother, Doris McCaw and sister, Mary MacLean, in the forfeited property. We hold that Bert McCaw lacks standing to raise the claims of his mother and sister and, accordingly, affirm.
 
 
 2
 Bert McCaw was travelling, in a car which he borrowed from his sister, from Canada to the United States with approximately $14,000.00 of his mother's money. Ostensibly, Bert McCaw was to use this money to purchase a mobile home for his mother in Florida. At the border, however, appellant in contravention of 31 U.S.C. Sec. 5316(1)(a) (1982) failed to report that he had over $5,000 on his person. Subsequently, Bert McCaw plead guilty to violating Section 5316(1)(a).
 
 
 3
 The attorney for Bert McCaw then filed a petition for remission or mitigation of the siezed car and money. See 19 C.F.R. Sec. 171.11 (1984).[1] The petition basically alleged that the money and car were owned by Doris McCaw and Mary MacLean, respectively. The district director denied the petition and formal forfeiture proceedings against the money pursuant to 31 U.S.C. Sec. 5317(b) (1982) and the car in accordance with 19 U.S.C. Sec. 1595a(a) (1982) were instituted by the Department of Justice.
 
 
 4
 In response to the government's action, Bert McCaw's attorney, in Bert McCaw's name only, filed an answer to the government's complaint and filed a petition for restitution. Both parties then filed motions for summary judgment. In support of his motion for a summary judgment, appellant's attorney filed affidavits sworn to by Doris McCaw and Mary MacLean. Essentially, both of the affidavits asserted each of the affiant's ownership interests in the forfeited property and denied any knowledge or negligence concerning Bert McCaw's wrongdoing. The district court, reasoning that Bert McCaw lacked standing to raise the claims of his mother and sister, granted summary judgment in the government's favor.
 
 
 5
 Appellant asserts that, since Doris McCaw and Mary MacLean were innocent owners of the money and car and since they did all that was reasonably possible to prevent the proscribed use of the property, Doris McCaw and Mary MacLean have an innocent ownership defense to this forfeiture action. In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689-90 (1974), the Supreme Court noted, in dicta, that a situation might arise where an owner of property subject to forfeiture could establish that not only was he innocent of any wrongdoing but, in addition, that he had taken all reasonable precautions to prevent the proscribed use of the property; under such circumstances, the Court concluded that forfeiture, serving no legitimate purpose, would be unwarranted. Accord United States v. One Tintoretto Painting Entitled 'The Holy Family with Saint Catherine and Honored Donor,' 691 F.2d 603, 607 (2d Cir. 1982) (recognizing an innocent ownership defense to forfeiture); see also United States v. Stowell, 133 U.S. 1, 12 (1890) (forfeiture statutes should be construed to effectuate their purpose). In this case, however, we do not need to decide whether an innocent ownership defense exists, see United States v. One 1951 Douglas DC-6 Aircraft, 667 F.2d 502, 503 & n.1 (6th Cir. 1981) (even if innocent owner defense exists, not applicable to the facts in that case), cert. denied, 103 S. Ct. 2451 (1983), and whether it would be applicable to the facts of this case, because Bert McCaw lacks standing to raise the possible claims of his mother and sister to the property.
 
 
 6
 Generally, a party has standing only to assert violations of his own rights. E.g., Warth v. Seldin, 422 U.S. 490, 499 (1975) (generally, can only assert own rights); Virginian Railway Co. v. System Federation No. 40, Railway Employees Department of the American Federation of Labor, 300 U.S. 515, 558 (1937) (only assert violations of own rights). The rights of a third person can be asserted only under limited circumstances. E.g., County Court of Ulster County, New York v. Allen, 442 U.S. 140, 155 (1979) (can assert rights of others under limited circumstances); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166-67 (1972) (only under exceptional circumstances can a party assert the rights of others). Consequently, judicial lawmaking based on the rights of non-parties is usually unjustified. See English v. Powell, 592 F.2d 727, 730 (4th Cir. 1979) (wife could not attack husband's discharge); Stroud v. Delta Airlines, Inc., 544 F.2d 892, 893 (5th Cir.) (female stewardess could not assert rights of male flight attendants), cert. denied, 434 U.S. 844 (1977).
 
 
 7
 In this case, both the administrative petition for remission and mitigation and the answer in response to the government's forfeiture complaint was filed solely in the name of Bert McCaw; neither Doris McCaw or Mary MacLean were named as parties nor did either of them seek to intervene in this action. Further, Bert McCaw has failed to assert any cognizable property interest in either the car or the money on his own behalf. Consequently, Bert McCaw is seeking to rely entirely on the rights of two nonparties to this action, namely, Doris McCaw and Mary MacLean.
 
 
 8
 Since appellant has failed to allege any exceptional circumstances justifying why he should be able to forward the rights of his sister and mother, this case falls within the general rule that a party cannot assert the rights of a non-party to the action. E.g., County Court of Ulster County, New York v. Allen, 442 U.S. 140, 154-55 (1979); Warth v. Seldin, 422 U.S. 490, 499 (1975); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166-67 (1972). Thus, since appellant has failed to advance any cognizable claim to the forfeited property in his own right and since he may not raise the rights of Doris McCaw or Mary MacLean, no issue of material fact exists as to forfeiture of the car and money. See Fed. R. Civ. Proc. 56(c). Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 We note that Doris McCaw and Mary MacLean also had an opportunity to file a timely petition. Nevertheless, neither Doris McCaw nor Mary MacLean filed a petition for mitigation or remission within the requisite 60 days. See 19 C.F.R. 171.12(b) (1984); United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 557 (1983)