**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**ONE 1984 MERCEDES BENZ MODEL NO. 380SE VIN WDB1260321A011901,**
**Defendant,**

**Mary Ann Schneider,**
**Party-in-Interest, Appellee.**

**No. 87–3109.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 6, 1987.

Decided Jan. 8, 1988.

Order on Denial of Rehearing and
Rehearing En Banc
March 28, 1988.

Michael Anne Johnson (argued), Asst. U.S. Atty., Cleveland, Ohio, Kathleen Bucholtz, Office of Regional Counsel, U.S. Customs Service, North Central Region, Chicago, Ill., for plaintiff-appellant.

Hilary S. Taylor, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, John J. Horrigan, Stephen D. Dunson, Connie M. Wymer, William H. Baughman, Jr. (argued), for party-in-interest, appellee.

Before MERRITT, KRUPANSKY and RYAN, Circuit Judges.

MERRITT, Circuit Judge.

The government seeks forfeiture of a car for violation of the customs laws. A Ger-

man citizen, Karsten Biebau, sold the car to Mary Ann Schneider. The purchaser, Schneider, seeks to avoid the forfeiture of the car, now in her hands, on the ground that she did not participate in the violation of the customs laws and was an innocent purchaser for value.[1] We conclude that the German citizen violated the customs laws when he sold the car and that the innocent owner defense does not apply to the purchaser because she became an owner by virtue of Biebau's violations. As we view the applicable principles of forfeiture, there are no genuine issues of material fact, and we reverse the order of the District Court and remand for entry of judgment for the government.

■ On April 1, 1985, Biebau completed and signed documents permitting him to bring his 1984 Mercedes Benz 380SE into the United States under the tourist exemption to customs laws. These documents, Customs Form 3299, EPA Form 3520–1, and HS Form 7, allowed entry of the car without payment of customs duties, and without compliance with Environmental Protection Agency and Department of Transportation requirements. Each form clearly indicated that Biebau would use the car for tourist or personal use, would keep the car in the United States for not more than one year, and would not sell the car while it was in the United States. *See* 19 U.S.C. § 1202, Schedule 8, Part 2, Subpart A, Headnote 1 (1976); 19 C.F.R. §§ 148.6, 148.45, 148.46(a) (1987).

Biebau sold the car to Schneider for $24,750 eighteen days after entry. Biebau had not paid customs duties, or brought the car into compliance with EPA and DOT safety and environmental requirements. A month later, inspectors of the United States Customs Service seized the car, and thereafter the United States filed its complaint in forfeiture.

When Biebau sold the car to Schneider, he violated a specific condition of the tourist exemption. Title 19 C.F.R. 148.46(a) says that automobiles imported under this exemption and sold in the United States are subject to forfeiture in accordance with 19 U.S.C. § 1202, Schedule 8, Part 2, Subpart A, Headnote 1. The latter section provides:

If—

(b) any article which has been exempted from duty under item 812.30 [automobile for personal use] is sold within 1 year after the date of importation,

.  .  .  .  .

without prior payment to the United States of the duty which would have been payable at the time of entry if the article had been entered without the benefit of any of these items, such article or its value (to be recovered from the importer) shall be subject to forfeiture....

There is no question that Biebau violated customs laws when he sold the car to Schneider. Therefore, the United States Customs Service had probable cause to seize the car, *see U.S. v. $22,287.00*, 709 F.2d 442, 446–47 (6th Cir.1983), and the forfeiture should stand unless Schneider has a good defense. *Id.*

■ The so-called "innocent owner" defense was created primarily by dicta in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689–90, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974), where the court stated:

It therefore has been implied that it would be difficult to reject the constitutional claim of an owner whose property subjected to forfeiture had been taken from him without his privity or consent.... Similarly, the same might be said of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not duly oppressive.

*Id.* at 689–90, 94 S.Ct. at 1094–95 (citations and footnotes omitted). Several courts have analyzed this theory of defense.

---

1. There is a question about the innocence of her state of mind when she purchased the car. Her son was in the business of importing and selling foreign cars and had an answering service on her home telephone advertising his business. In view of our disposition we need not reach the disputed fact question concerning her state of mind.

They have concluded that under some circumstances where a property owner does not participate in the illegal acts giving rise to the forfeiture, and can otherwise establish a completely innocent situation, forfeiture is not permitted. *United States v. One Tintoretto Painting Entitled "The Holy Family with Saint Catherine and Honored Donor"*, 691 F.2d 603, 607–08 (2d Cir.1982); *United States v. One 1976 Chevrolet Corvette*, 477 F.Supp. 32, 34–35 (E.D. Pa.1979); *United States v. One 1976 Lincoln Mark IV*, 462 F.Supp. 1383, 1390–91 (W.D.Pa.1979); *United States v. One 1974 Mercury Cougar XR–7*, 397 F.Supp. 1325, 1328 (C.D.Cal.1975). *See generally* U.S. Dept. of Justice, *Drug Agents' Guide to Forfeiture of Assets* 33–37 (1987).

Numerous other cases have held that property owners who are not involved in the illegal activity giving rise to the forfeiture, yet who do not meet all of the requirements of the *Calero–Toledo* defense, may suffer forfeiture of their property. *United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 198 (6th Cir.1978); *United States v. One 1951 Douglas DC–6 Aircraft*, 667 F.2d 502, 503 (6th Cir.1981); *United States v. One 1957 Rockwell Aero Commander 680 Aircraft*, 671 F.2d 414, 417–18 (10th Cir.1982).

Most cases raising the *Calero–Toledo* defense involved situations where the owner of the property subject to forfeiture attained ownership rights prior to the occurrence of an illegal use of the property. In each of these cases, the owner's rights to the property did not flow from the illegal activity itself. *U.S. v. One Tintoretto Painting*, 691 F.2d at 605 (owner prevailed where friend violated customs laws when he imported property); *United States v. One 1951 Douglas DC–6 Aircraft*, 667 F.2d at 503 (owner lost where aircraft transported marijuana); *United States v. One 1975 Mercedes 280S*, 590 F.2d at 197 (owner lost where drugs found in car); *United States v. One 1957 Rockwell Aero Commander 680 Aircraft*, 671 F.2d at 415 (owner lost where aircraft violated customs laws regarding entry into United States from foreign countries).

Here, unlike typical owners claiming the defense, Schneider became the owner by virtue of Biebau's clear violation of the customs laws. The violation caused her ownership. Had Biebau never broken the conditions by which he imported the car, Schneider never would have owned it. His customs violations scheme was the reason for the sale at the price established. We disagree with the District Court's ruling that Schneider can take advantage of the innocent owner defense to prevent forfeiture under these circumstances.

If we adopted the District Court's view, importers could routinely circumvent customs duties and EPA and DOT requirements on a grand scale by simply bringing their wares into this country under the tourist exemption and selling them to persons who could take advantage of the innocent owner defense to avoid forfeiture. Cheap foreign cars not meeting safety and environmental requirements would flood the market under the guise of touring cars. Customs laws would be violated and the United States would have no redress. We do not want to encourage this form of smuggling. It would seriously undermine the enforcement of the customs laws for us to allow the innocent owner defense in this case.

For these reasons, the District Court's grant of summary judgment in favor of Schneider is reversed.

## ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and concludes that the petition to rehear this case filed by Mary Ann Schneider, a party-in-interest and appellee, is hereby denied. We denied Schneider's innocent owner defense for the reasons stated in our January 8, 1988 opinion. The petition to rehear this case on the issue of estoppel is denied for the reasons set out on pages 4–8 of the appellant's response to the petition for rehearing.