UNITED STATES of America, Appellee,

v.

ONE (1) 1976 CESSNA MODEL 210L AIRCRAFT, Registration No. N2494S, Together with its Electronic Communication and Navigational Equipment, and Barry L. Zisser and Spence J. Edwards, Appellants.

No. 88–2501EA.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1989.

Decided Nov. 21, 1989.

John Wesley Hall, Jr., Little Rock, Ark., for appellants.

Pat Harris, Little Rock, Ark., for appellee.

Before: ARNOLD and MAGILL, Circuit Judges; and PECK,* Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Upon landing at an airport in Crumrod, Arkansas carrying several hundred pounds of marijuana and some hashish oil, a 1976 Cessna Model 210L aircraft, registration number N2494S was seized pursuant to 21 U.S.C. § 881(a)(4) (1981) and 49 U.S.C.App. § 782 (1963). The United States filed a complaint in forfeiture, which was granted. It is from this judgment of forfeiture that claimants Barry L. Zisser and Spence J. Edwards ("Appellants"), the registered owners of the aircraft, bring this appeal.

## I.

As the district court aptly noted, this airplane has a very interesting history. Michael Hamm, a drug smuggler, purchased the aircraft in March 1984 with the proceeds of his illegal drug activity and flew it to Belize, Central America in May 1984 to pick up a load of marijuana. When he returned to the airplane after picking up the marijuana, it was surrounded by soldiers. Hamm abandoned the aircraft and bribed a local official to facilitate his return to the United States via a commercial flight. Hamm was arrested in October 1984 on unrelated state drug charges, to which he pled guilty in February 1985.

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Sometime following, Hamm contacted Appellant Spence Edwards, with whom he had conducted business for approximately two years, and arranged a deal by which Edwards would purchase 50% of the airplane. The deal provided for Edwards to pay Hamm $2500 up front, pay the cost to retrieve the aircraft from Belize, and then after the airplane was retrieved and could be valued, pay 50% of the value after the $2500 and the retrieval costs were deducted. Before closing the deal, Edwards contacted Appellant Barry Zisser, a Jacksonville, Florida attorney and friend, concerning the opportunity to buy the airplane. Zisser knew nothing of the abandonment of the airplane during the course of the marijuana run, nor that Hamm was a convicted drug smuggler. Zisser was told only that the aircraft was not flyable due to a magneto problem. Zisser investigated the airplane title to make sure it was free of encumbrances, then accepted the opportunity to buy into the airplane deal. The deal was then closed with Hamm at a time when the aircraft had been missing in Belize for approximately one year. As part of the deal, Hamm signed over ownership of the aircraft and only Edward's and Zisser's names appeared on the certificate of aircraft registration issued by the Federal Aviation Administration.

In April or May 1985, the aircraft recovery team Edwards allegedly hired and paid several thousand dollars, returned from Belize empty-handed. Zisser sent several letters to officials in Belize and to former United States Senator Lawton Chiles requesting assistance and information regarding the airplane. In a letter dated June 14, 1986 to the Financial Secretary of Belize, Zisser intimated that he believed the airplane had been sold. Appellant Zisser's efforts were fruitless. On July 14, 1986, the aircraft was seized by Customs Officials as it landed in the United States carrying 449 pounds of marijuana and 36 pounds of hashish oil.

Appellants Edwards and Zisser were notified of the seizure and immediately responded by filing a petition for remission on September 10, 1986. Appellee, the United States, filed a complaint for forfeiture on June 2, 1987 and a motion for summary judgment, which was denied. The case was tried June 22, 1988. Appellants defended on the basis they were innocent owners: first, whose property had been stolen and then illegally used and second, who were unaware of and uninvolved in the illegal use of the airplane and who had done all they reasonably could have to prevent the airplane's use for illegal purposes.

Prior to trial, both parties stipulated that the government had probable cause to seize the airplane when it landed in Crumrod, Arkansas. Edwards never appeared at trial and was represented only by affidavit. His affidavit was identical in every respect to the one submitted for Zisser, except that it omitted a paragraph that was in Zisser's affidavit which asserted that Edwards did not know the airplane had ever been used for illegal purposes. At trial, when Zisser testified as to the efforts of the aircraft recovery team, he could not remember the name of the firm nor could he produce any corroborative documentation of the alleged recovery mission. Finally, it was adduced at trial that at no time was a report ever filed with any law enforcement authorities regarding the alleged theft of the aircraft from Belize. Judgment was entered by the district court on September 9, 1988, determining the airplane should be forfeited to the United States.

## II.

We begin by noting that our standard of review for the district court's findings of fact is deferential: unless the findings are clearly erroneous, they may not be set aside. FED.R.CIV.P. 52(a). An action in forfeiture is an *in rem* proceeding against seized property on the long standing theory that the property itself has committed the wrong. *See Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–84, 94 S.Ct. 2080, 2090–92, 40 L.Ed.2d 452 (1974) (detailing the history of the forfeiture action). The underlying purpose of the forfeiture statutes is to deter further wrongdoing. *Id.* at 684, 94 S.Ct. at 2092. To contest an action in forfeiture, a claimant must first demonstrate that he or she

has standing. *See United States v. One 1945 Douglas C–54 (DC–4) Aircraft, Serial Number 22186*, 604 F.2d 27, 28 (8th Cir.1979). To prove this threshold issue, a claimant must prove that he or she is the owner of the property subject to the forfeiture action. *United States v. One 1971 Lincoln Continental Mark III*, 460 F.2d 273, 274 (8th Cir.1972). We conclude the district court correctly found Appellants had sufficient interest in the aircraft to have standing to contest its forfeiture.

In bringing the action in forfeiture, the government bears the burden of coming forward with evidence that it had probable cause to seize the property. *See One Blue 1977 AMC Jeep CJ–5 v. United States*, 783 F.2d 759, 761 (8th Cir.1986) (citing 21 U.S.C. § 881(b)(4)). Pursuant to 21 U.S.C. § 881(a)(4), property is subject to forfeiture if used "to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" a controlled substance. The United States clearly met this initial burden since the parties stipulated prior to trial that the Customs Service had probable cause to seize the aircraft at Crumrod, Arkansas.

■ Once the government has met its burden of establishing probable cause, the burden shifts to claimants to rebut the forfeiture by proving that the property was not properly the subject of the forfeiture or by establishing one of two innocent owner defenses. *See One Blue 1977 AMC Jeep*, 783 F.2d at 761. While mere innocence of the owner is traditionally insufficient to avoid forfeiture, proof by a preponderance of the evidence that the property was taken from the owner without his consent or that the owner was neither aware nor involved in the wrongful activity and had done all that he could to prevent the property's misuse, will defeat an action in forfeiture. *See Calero–Toledo*, 416 U.S. at 689, 94 S.Ct. at 2094 (Court acknowledges constitutional problems with forfeiture in these contexts); *see also* 21 U.S.C. § 881(a)(4)(B). Where the government's showing of probable cause is left unrebutted, forfeiture will follow. *One Blue 1977 AMC Jeep*, 783 F.2d at 761.

■ Appellants argue the district court erred in rendering a judgment of forfeiture because they are innocent owners who fall within both of the *Calero–Toledo* exceptions to forfeiture. Appellants urge they are innocent owners under the first *Calero–Toledo* exception. While there is a paucity of case law interpreting the first *Calero–Toledo* defense to forfeiture, two district court cases have convincingly asserted that to succeed, Appellants must prove the airplane was stolen or taken from them without their privity or consent and that they did all they reasonably could to prevent that theft and the subsequent misuse. *See, e.g., United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 F.Supp. 290, 296 (S.D.Fla.1985); *United States v. One 30 Foot 1982 Morgan*, 597 F.Supp. 589, 591 (M.D.Fla.1984). A mere allegation of theft is insufficient to establish this innocent owner defense. *Morgan*, 597 F.Supp. at 591 ("[E]vidence of an alleged theft is not sufficient to sustain the claimant's burden of bringing this case within the first *Calero–Toledo* exception."). There must be facts to prove the theft did occur and that Appellants did all they could to prevent that theft. *Ocean Racer*, 624 F.Supp. at 296 ("The mere fact that the boat was stolen (assuming arguendo that it was stolen) is unsufficient [sic] to prevent forfeiture.").

■ We hold the district court finding that Claimants failed to prove the first *Calero–Toledo* defense must be upheld because it is not clearly erroneous. First, Appellants failed to prove the aircraft was ever really stolen. The only evidence to which Appellants point is that the pilot who flew into Crumrod, Arkansas was not legally or with their consent in possession of the aircraft. However, as the district court noted, no law enforcement authorities were ever notified of the alleged theft. Claimant's argument that theft reports are frequently taken by authorities as a red flag of an attempt to generate a defense, misidentifies the red flag. The red flag of which authorities take note is the timing of a theft report, not the mere filing of one. A report filed after the seizure of a vehicle

undermines the report's probative value because it appears that the claimant is trying to generate factual support for an innocent owner defense. *See One 30 Foot 1982 Morgan,* 597 F.Supp. at 591. Furthermore, the letter sent by Appellant Zisser to the Financial Secretary of Belize intimated that the aircraft had been sold, not stolen. Appellant's failure to notify any authorities in either the United States or Belize weighs against its allegations that the aircraft was stolen or taken without its consent.

Neither did Appellants successfully prove they did all they reasonably could to recover the aircraft and prevent its subsequent illegal use. In large part Appellants rely on allegations of an aircraft recovery mission and on their correspondence with various United States and Belize officials as proof of their efforts to recover the aircraft. As the district court noted, however, Appellant Zisser could not remember the name of the aircraft recovery team and Appellant Edwards who allegedly hired and paid them failed to appear at trial. No corroborative documentation of the recovery mission was ever provided to the district court. The district court finding that Appellants failed to establish the first *Calero–Toledo* defense to forfeiture was not clearly erroneous.

Appellants also urge the district court erred in entering a judgment of forfeiture because they fall within the second *Calero–Toledo* defense. To prove the second innocent owner defense, Appellants must prove not only that they were "uninvolved in and unaware of the wrongful activity, but also that [they] had done all that reasonably could be expected to prevent the proscribed use of [their] property." *Calero–Toledo,* 416 U.S. at 689, 94 S.Ct. at 2094; *see also United States v. One 1973 Buick Riviera Auto,* 560 F.2d 897, 900–01 (8th Cir.1977). Although the parties stipulated prior to trial that neither Edwards nor Zisser had any knowledge of or involvement in the flight of the aircraft into Crumrod, Arkansas, mere ignorance of illegal use is not a valid defense to forfeiture. *United States v. One 1971 Lincoln Continental Mark III,* 460 F.2d 273, 275 (8th Cir.1972). Furthermore, it is also not so clear that Ed-

wards and Zisser maintained the same innocence with respect to the activities of Hamm in Belize. The affidavit of Zisser admitted at trial specified that Zisser knew nothing about the aircraft's presence in Belize, except that it was stranded there with a magneto problem. Edward's affidavit, identical to Zisser's in most respects, conspicuously omitted the paragraph denying knowledge of Hamm's activities. Hence, the parties were not entirely unaware of all the illegal activity in which their aircraft played a vital part.

■ At least one jurisdiction has imposed on the owner of property subject to forfeiture, who has knowledge or even a suspicion of wrongful activity involving his or her property, a greater degree of care in preventing its illegal use. *United States v. One 1976 Lincoln Mark IV,* 462 F.Supp. 1383, 1391 (W.D.Pa.1979). This circuit, however, has merely required "any reasonable attempt" to prevent the property's unlawful use. *United States v. One 1976 Lincoln Continental Mark IV,* 584 F.2d 266, 268 (8th Cir.1978). Here, Appellants failed to prove any efforts other than Zisser's fruitless letter writing to prevent the illegal use of their aircraft. Even without applying a heightened degree of care for their knowledge of some of the wrongdoing in which their aircraft was engaged, Appellants' minimal efforts fail to meet a reasonable attempt. *Id.* We conclude that the district court's finding that Appellants failed to prove the second *Calero–Toledo* defense is also not clearly erroneous.

In addition, the circumstances of Appellants' purchase of the airplane lend support to the district court's finding that Appellants failed to establish the second *Calero–Toledo* defense. In dicta, the United States Court of Appeals for the Sixth Circuit has observed that most cases in which the *Calero–Toledo* defenses are raised, involve owners whose property rights arose prior to the illegal use of the vehicle and whose rights "did not flow from the illegal activity itself." *United States v. One 1984 Mercedes Benz Model No. 380SE,* 836 F.2d 268, 270 (6th Cir.1988) (forfeiture of car sold in violation of U.S. customs laws re-

garding payment of customs duties and compliance with federal environmental and safety standards). Here, as in *One 1984 Mercedes Benz, supra,* Appellants Edwards and Zisser would not have had the opportunity to purchase defendant aircraft had it not been for Hamm's illegal activities in Belize. Their ownership under these tainted circumstances flows from Hamm's illegal drug trafficking. Were we to permit Appellants the return of their aircraft, the purpose of the forfeiture statute would be defeated.

### III.

Because Appellants failed to establish either of the *Calero–Toledo* innocent owner defenses and thereby failed to rebut the government's showing that probable cause to seize the aircraft existed, we conclude the judgment of forfeiture was correct. Forfeiture here is appropriate irrespective of Appellants' innocence in the illegal activities for which their aircraft was seized. Accordingly, the judgment of the district court is affirmed and the aircraft is forfeited to the United States.