**UNITED STATES of America, Appellee,**

v.

**ONE PARCEL OF PROPERTY LOCATED AT RR 2, INDEPENDENCE, BUCHANAN COUNTY, IOWA, With All Appurtenances and Improvements Thereon,**

**Gilbert Brandt; Karen Brandt, Appellants.**

**No. 91–2071.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1991.

Decided March 17, 1992.

Rehearing and Rehearing En Banc Denied April 23, 1992.

See also 790 F.Supp. 200.

James H. Reynolds, Dubuque, Iowa, argued, for appellants.

Patrick J. Reinert, Cedar Rapids, Iowa, argued, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and KAUFMAN,* Senior District Judge.

MAGILL, Circuit Judge.

Karen and Gilbert Brandt and Karen's minor son, Jason Hunziker, (claimants) appeal from the district court's[1] entry of default and final order of forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(7) (1988). Claimants contend on appeal that 21 U.S.C. § 881, a civil forfeiture statute, is an unconstitutional Bill of Attainder under Article I, Sections 9 and 10 of the United States Constitution. We affirm.

## I.

After Karen Brandt was convicted of possession of marijuana and Gilbert Brandt was convicted of possession of marijuana with intent to distribute, the government filed a civil forfeiture complaint against the Brandts' house and acreage (defendant property) pursuant to 21 U.S.C. § 881(a)(7).[2] Gilbert Brandt filed a claim to a legal interest in the defendant property

---

* THE HONORABLE FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

1. The Honorable David R. Hansen was a United States District Judge for the Northern District of Iowa at the time judgment was entered. He was appointed to the United States Court of Appeals for the Eighth Circuit on November 18, 1991.

2. This statute reads, in pertinent part:
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

on July 17, 1990, and an amendment to that claim on July 24, 1990. Karen Brandt did not file a claim, but filed a pleading captioned "Amendment to Claim" on July 24, 1990. On September 6, the district court struck these filings for failure to be verified under oath or solemn affirmation as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules).[3] The Brandts filed answers to the forfeiture complaint and moved that the district court reconsider striking their claims, contending, *inter alia*, that Karen Brandt's son, Jason Hunziker, had an ownership interest in the defendant property. The government moved to strike the Brandts' answer.

The district court granted the government's motion on October 26, and entered a default judgment against the Brandts. In response to the Brandts' motion to reconsider, however, the court appointed Karen Brandt as *guardian ad litem* for her son. She was directed to file either a properly verified claim and answer for Jason or an affidavit stating that he had no legal claim to the defendant property. On November 21, Karen Brandt, as *guardian ad litem* for Jason Hunziker, filed a claim on the defendant property.

On April 4, 1991, the court struck the claim of Jason Hunziker because he did not have standing to contest the forfeiture, and entered a default judgment against him. The court then entered the final order of forfeiture against the defendant property. Claimants now appeal this order.

## II.

### A. Bill of Attainder

█ Claimants contend that 21 U.S.C. § 881(a)(7) is an unconstitutional Bill of Attainder under Article I, Sections 9 and 10 of the United States Constitution.[4] It is a fundamental and long-standing principle of judicial restraint that courts avoid reaching constitutional questions if it is unnecessary to reach them. *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988). We are not required to reach this issue here.

Neither Karen nor Gilbert Brandt presented the claim that § 881 was an unconstitutional Bill of Attainder to the district court. Their failure to properly raise this claim below constitutes a waiver. *See Thompkins v. Stuttgart School Dist. No. 22*, 787 F.2d 439, 440 n. 1 (8th Cir.1986). "[T]o preserve a claim ... for appeal, [the claimant] must first clearly present it to the district court ... in such a way as to afford the district court an opportunity to recognize and rule on it." *In re Pan Am. World Airways, Inc.*, 905 F.2d 1457, 1462 (11th Cir.1990).

█ Karen Brandt, as *guardian ad litem* for Jason Hunziker, on the other hand, did raise the issue. The district court found, however, that Jason Hunziker has no standing to contest the forfeiture of defendant property. We agree. To show standing to contest forfeiture, a claimant must prove that he or she is the owner of the defendant property. *United States v. One (1) 1976 Cessna Model 210 L Aircraft*, 890 F.2d 77, 79–80 (8th Cir.1989). Karen Brandt did not show that Jason has any present ownership interest in the defendant property. The future expectation of ownership by a child is insufficient to give a

---

(7) All real property, including any right, title, and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7).

3. These rules control the procedure to be followed in a civil forfeiture under § 881. *See* 21 U.S.C. § 881(b).

4. U.S. Const. art. I, § 9, cl. 3, states, in relevant part, "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 10, cl. 1, reads, in pertinent part, "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts...."

claimant standing. *See, e.g., Case of One 1985 Nissan,* 889 F.2d 1317, 1321 (4th Cir. 1989). Because Jason Hunziker has no standing to contest the forfeiture, we cannot consider his claims.

### B. Entry of Default and Final Order of Forfeiture

 The government contends that the real issue is not whether § 881 is a Bill of Attainder, but is whether the district court erred by granting the government's motion to strike claimants' claims and answers and then entering a default judgment and a final order of forfeiture. We review the district court's grant of motions to strike pleadings for abuse of discretion. *See* Fed. R.Civ.P. 12(f). The district court struck Karen and Gilbert Brandt's pleadings for two reasons. First, their claims did not comply with Supplemental Rule C(6) because they were not verified. It is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6). *United States v. United States Currency Totaling $3,817.49,* 826 F.2d 785, 787–88 (8th Cir.1987); *see also United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 630 (8th Cir.1986). Second, the government's motions to strike claimants' claims and answers were unresisted. An unresisted motion may be granted. No. Dist. IA Civ.R. 14(f). We find that the district court did not abuse its discretion in striking the Brandts' claims and entering a default and final order of forfeiture under these circumstances.

### C. Motion to Strike Claimants' Addendum to Reply Brief

 This court accepted for consideration with this case the government's motion to strike claimants' addendum to their reply brief. This addendum consists of forty-three pages of newspaper articles that have been reprinted from the *Pittsburgh Press.* Because the contents of this addendum do not comply with 8th Cir.R. 30A(d)(1), we grant the government's motion.

### III.

We find that because Karen and Gilbert Brandt did not raise the Bill of Attainder issue below, they have waived the issue and we cannot consider their argument on appeal. We also find that Jason Hunziker has no standing to contest the forfeiture of the defendant property. In any case, we find that the district court did not abuse its discretion by striking the claimants' claims and answers. Therefore, we affirm the district court. In addition, we grant the government's motion to strike the claimants' addendum to their reply brief.