16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee;
v.
ONE PARCEL OF REAL PROPERTY LOCATED AT 4560 KINGSBURY ROAD,
TOWNSHIP OF BRUNSWICK HILLS, OHIO, and also Known as
Permanent Parcel No. 01-020-21-025, and $151,988.35 in U.S.
Currency, Defendant-Appellant.
Patricia A. Taylor, Claimant-Appellant.
 No. 93-3054.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: JONES and SUHRHEINRICH, Circuit Judges; and MCKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant-Appellant Patricia Taylor appeals the judgment granted for the United States in this action for forfeiture of Defendant, real property used in an illegal gambling enterprise. Specifically, Taylor claims the district court erred in denying her "innocent owner" defense against the forfeiture. We reverse and remand for further proceedings.
 
 
 2
 * In 1978, Emmett Taylor, husband of the claimant, purchased the parcel of property at 4560 Kingsbury Road in Brunswick Hills, Ohio. The couple built a house on the property in 1980, and Emmett transferred title to the property to Patricia by quit claim deed in 1986.
 
 
 3
 On September 13, 1987, the government executed a search warrant at the Taylor home and found betting records and over $150,000 cash. The government then seized the defendant property, including the real property, the home, and the cash, and filed a complaint for forfeiture pursuant to 18 U.S.C. Sec. 1955(d). Taylor responded with a verified claim and an answer, and she was deposed on September 8, 1989, regarding her knowledge of and participation in the gambling business. However, she invoked her Fifth Amendment right against self-incrimination in response to almost every question due to the possibility that criminal charges might be filed against her.
 
 
 4
 On September 15, 1989, the government filed a motion for summary judgment, which Taylor opposed. In a judgment filed October 27, 1992, the district court approved the forfeiture and rejected Taylor's claims. In particular, the court held that she had not shown she was an "innocent owner" of the property who was entitled to protection from the forfeiture.
 
 
 5
 In December 1990, while the forfeiture action was still pending, Emmett Taylor was charged with engaging in an illegal gambling business in violation of 18 U.S.C. Sec. 1955(a). The indictment alleged that the business ran from 1983 to January 1991. In November 1991, he was convicted and subsequently sentenced to fifteen months in prison and a $5000 fine.
 
 
 6
 This case is before us as a result of the district court's granting the government's motion for summary judgment. Accordingly, we affirm the district court's decision only if we find, after de novo review, that there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Summary judgment is properly granted only where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). In determining whether summary judgment is proper, we must view all evidence in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 II
 
 7
 Pursuant to 18 U.S.C. Sec. 1955(d), the government may seek forfeiture of any property used in violation of the federal prohibition against illegal gambling businesses.[1] In such a forfeiture action, the government has the burden of showing probable cause to believe that the defendant property is subject to forfeiture; in this case, that the property is part of an "illegal gambling business" as defined in subsection (b)(1) of the statute. If unrebutted, a showing of probable cause alone will support a forfeiture. United States v. Premises Known As 318 S. Third St., 988 F.2d 822, 825 (8th Cir.1993).
 
 
 8
 Once the government has shown probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture. 19 U.S.C. Sec. 1615; United States v. On Leong Chinese Merchants Ass'n Bldg., 918 F.2d 1289, 1292 (7th Cir.1990), cert. denied, 112 S.Ct. 52 (1991). Most directly, the claimant may carry that burden by showing that the government has not established probable cause with respect to any of the essential elements of the alleged violation. On appeal, Patricia Taylor does not rely on this defense, but rather asserts that she knew nothing about her husband's gambling business, which was the basis of the forfeiture. As the owner of the house, Taylor thus attempts to prevent the forfeiture through the use of an "innocent owner" defense.
 
 
 9
 In summarily disposing of the instant innocent owner claim, the district court stated:
 
 
 10
 Patricia Taylor claims that she was an "innocent owner," unaware that her husband was using their house for gambling purposes. However, to establish that she is an "innocent owner," Mrs. Taylor must show "not only that [s]he was uninvolved in and unaware of the wrongful activity, but also that [s]he had done all that reasonably could be expected to prevent the proscribed use of [her] property." Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689 (1974); United States v. One 1951 Douglas DC-6 Aircraft, 667 F.2d 502 (6th Cir.1981). Here, Mrs. Taylor has presented no evidence to show that she exercised due diligence in preventing the illegal use of her property. Therefore, she is not entitled to assert the "innocent owner" defense.
 
 
 11
 J.A. at 155. Thus, the district court concluded that Mrs. Taylor did not create a genuine issue of material fact with regard to being an innocent owner because she did not allege that she made an affirmative attempt to stop the illegal use of her property.[2]
 
 
 12
 The district court erred in making such a heavy demand upon Taylor. Though Sec. 1955 does not contain its own provision protecting innocent owners, Sec. 1955(d) explicitly incorporates into the rules governing gambling forfeitures "[a]ll provisions of law relating to the seizure, summary, and judicial forfeiture procedures." For civil forfeitures, Congress does not leave the innocent owner defense at a constitutional minimum, but instead provides an innocent owner defense for persons who merely lack knowledge of the illegal act causing the forfeiture proceeding.[3] Consequently, that defense is a legal provision incorporated by Sec. 1955(d). To be an innocent owner, then, Taylor need not have exercised "due diligence" in preventing the gambling, she need only have had no actual or constructive knowledge of it.
 
 
 13
 We hold that Mrs. Taylor has met her burden at this point in the proceedings in alleging that she was an innocent owner. While the criminal investigation was ongoing, Taylor chose not to testify, and she moved to stay the forfeiture proceedings until she could do so. She later filed an affidavit, entered on May 16, 1991, asserting that she "was without knowledge of claimant Emmett C. Taylor's alleged illegal gambling at the residence.... Had [she] been aware of any alleged gambling activity, on the part of [Mr. Taylor], she believes that she would have strongly objected, and insisted that said behavior cease immediately." J.A. at 93. Given the development of these proceedings and since we are bound to consider all evidence in a light favoring Taylor, as she is the non-moving party at summary judgment, we are not convinced that the government has demonstrated that her defense lacks merit. While we pass no judgment at this time regarding whether or not Mrs. Taylor's assertions are credible, we think that she has adequately placed at issue the question of whether or not she was an innocent owner of the property.
 
 III
 
 14
 We REVERSE and REMAND this case to the court below.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 18 U.S.C. Sec. 1955(d) provides that "[a]ny property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States."
 
 
 [2]
 In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689-90 (1974), the Supreme Court stated that at a minimum the Constitution protects against the forfeiture of the property "of an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property...." This minimal innocent owner protection applies only where Congress has not provided for a more expansive defense
 
 
 [3]
 18 U.S.C. Sec. 981(a)(2), applied to civil forfeitures for money laundering, reads:
 No property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission established by that owner or lienholder to have been committed without the knowledge of that owner or lienholder.
 The drug forfeiture statute similarly prohibits forfeiture of vehicles, proceeds, and real property involved with drug activity where the owner does not have knowledge or consent of illegal acts. 21 U.S.C. Secs. 881(a)(4)(C), (a)(6), (a)(7). See also United States v. 92 Buena Vista Ave., Rumson, New Jersey, 113 S.Ct. 1126, 1137 n. 23 (1993) (noting that Congress responded to Calero-Toledo by amending the drug forfeiture statute to expressly protect lessors who have no knowledge that their property is being used illegally).